THE VILLAGE OF NORTH CHICAGO

*v.*

THE AMERICAN STEEL AND WIRE COMPANY.

*Opinion announced orally June 7, 1906.*

1. REHEARINGS—*petition cannot be filed to review decision on motion.* A petition for rehearing is allowed to be filed only by the grace of the court and only in cases within rule 30 of the Supreme Court, which contemplates cases formally submitted to and finally determined by the court, but not decisions upon motions disposed of at a former term.

2. SAME—*correct practice where review of decision on motion is desired.* A party desiring the Supreme Court to review its action upon a motion should apply for a reconsideration of such action at the same term at which the decision on the motion is entered, and if the term has expired the question cannot be brought before the court by petition for rehearing or in any other manner.*

WRIT OF ERROR to the County Court of Lake county.

The rehearing rule to which reference is made in the opinion announced in this case is in the following words:

"*Rule 30.* The manner of applying for a rehearing shall be as follows: Within fifteen days after an opinion is filed, a party desiring a rehearing shall file a notice in writing of his intention to make such application with the clerk of this court, and shall, within said time, deliver a copy thereof to the official reporter of this court, and within twenty-five days after the filing of the opinion shall place on file in the clerk's office twelve printed copies of the petition, and within the same time deliver a copy to said official reporter. Application for a rehearing in any cause shall be made by petition to the court, signed by counsel, stating concisely the points supposed to have been overlooked or misapprehended by the

---

*NOTE.—For recent decisions upon rehearing points see 196 Ill. 497, 197 id. 98, 208 id. 268, 211 id. 173, and 213 id. 424.

court, with proper reference to the particular portion of the original abstract and brief relied upon. In no case will any argument be permitted in support of such petition. This rule will be strictly enforced, and any petition in violation thereof will be stricken from the files."

ORVIS & EDWARDS, (COOKE, POPE & POPE, of counsel,) for plaintiff in error.

Mr. JUSTICE BOGGS announced the opinion of the court:

This suit was a writ of error sued out of the county court of Lake county, made returnable at the April term of this court. At that term the defendant in error moved the court to dismiss the writ upon the ground that it had not been sued out within the time prescribed by law. That motion received the consideration of the court, and was found to be well taken and was sustained, and an order was entered at the April term dismissing the cause for the reason assigned. Within the time prescribed by the rules for filing a petition for rehearing in those cases that have been submitted to and decided by the court, counsel for the plaintiff in error filed this petition for rehearing, which is the foundation of the present action of the court. The petition asks that the action of the court on the motion to dismiss the writ of error may be re-heard by the court.

A petition for rehearing is allowed to be filed only by the grace and favor of the court. Petitions of that kind are regulated by the rule of this court, which rule extends to the parties whose cases have been heard and determined, the privilege or favor of filing such petitions. The rule of court which gives that privilege grew out of the willingness of the court to re-examine cases, to the end that the decisions of this court may be free from any misapprehensions of law or any misunderstanding as to the facts. The rule, however; does not provide for the filing of a petition for rehearing in

any other cases than those that have been formally submitted to the court and decided by the court as a final determination of the case. A petition for rehearing has no place here except under this rule of the court. This petition, therefore, cannot be entertained. It asks the court to review its action upon a mere motion made and disposed of at a former term of this court. A petition for rehearing cannot be availed of for that purpose.

If parties in any case apprehend that the court has fallen into error in the decision or disposition of a mere motion, and wish to have the court review its action upon the motion, the proper practice is to apply at the same term of the court at which the decision upon the motion is entered, for a reconsideration of the action of the court upon the motion. When the term has expired there is no means to bring that question before the court, and a petition for rehearing can not be availed of for any such purpose.

The petition for rehearing in this case is therefore stricken from the files. *Petition stricken.*