MILDRED UNBEHAHN, Defendant in Error, *vs.* ALEXANDER FADER *et al.*—(NEWTON B. LAUREN, Plaintiff in Error.)

*Opinion filed December 16, 1925.*

1. PRACTICE—*general rule as to when court has jurisdiction to change final order.* While a cause is pending a court has control over the record and proceedings in the cause, and may during the term, for cause appearing, amend or set aside judgments and final orders, but after the expiration of the term, unless the cause is still pending and the parties are in court, the power of the court over the record is confined to errors and mistakes of officers of the court.

2. SAME—*term of Supreme Court does not continue until succeeding term.* Each term of the Supreme Court ends when the court adjourns to court in course, and causes in which final orders have been entered do not stand continued until the next succeeding term but jurisdiction over all matters disposed of during the term ceases, except when such jurisdiction is continued by law or by rule of court.

3. SAME—*section 15 of the statute in regard to courts does not authorize the Supreme Court to change judgment after term.* Section 15 of the statute in regard to courts applies only to cases where the judgment actually rendered by the Supreme Court has not been properly entered by the clerk and does not authorize a change of the judgment but only of the erroneous entry of the judgment.

4. SAME—*rehearing rule does not apply to order allowing or denying petition for writ of certiorari.* The Supreme Court has not by any rule provided for a rehearing on an order allowing or disallowing a petition for a writ of *certiorari,* and has not by rule in any manner attempted to retain jurisdiction over such petition after the expiration of the term at which the petition was allowed or disallowed.

5. SAME—*when writ of certiorari must be quashed.* Where the Supreme Court has denied a petition for *certiorari* and no motion

is made to vacate such denial during the term the judgment of the Appellate Court becomes final, and where a motion is filed in vacation to set aside the order denying the petition, and such motion is allowed at the succeeding term and the writ awarded, the writ must be held to have been improvidently issued and will be quashed.

Writ of Error to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Walter Brewer, Judge, presiding.

Walter F. Heineman, for plaintiff in error.

Harvey E. Wynekoop, and Charles C. Spencer, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

This is an action on the case brought by defendant in error, a minor, by her next friend, against plaintiff in error and others in the superior court of Cook county for personal injuries alleged to have been sustained by her. Issues having been formed, a trial was had resulting in a verdict for $5000 against plaintiff in error and not guilty as to the other defendants. Judgment was rendered upon the verdict, and upon appeal to the Appellate Court for the First District the judgment of the superior court was affirmed. Plaintiff in error filed a petition for a writ of *certiorari* to the April, 1925, term of this court. On April 23, 1925, at said April term, the writ was denied. On April 24, 1925, without any further motion being made or order entered in this cause an order was entered that this court stand adjourned to court in course. On May 8, 1925, plaintiff in error filed in this court a motion to set aside the order of April 23, 1925, denying the petition for a writ of *certiorari* and to award such writ. This motion was allowed on June 13, 1925, which was one of the days of the June, 1925, term of this court.

It is contended by defendant in error that the order entered at the April, 1925, term denying a writ of *certiorari*

was a final order; that the same was neither vacated nor suspended by any order entered by the court at that term, and that upon the expiration of that term the court lost jurisdiction of the case and had no authority thereafter to vacate the order and to award either a writ of *certiorari* or a writ of error. The general rule is, that courts, while a cause is pending and the parties before them, have control over the record and proceedings in the cause, and that they have jurisdiction over their judgments and final orders of a pending term, and may during the term, or while the cause is pending and the parties in court, for cause appearing, amend or set them aside. After the expiration of the term, unless the cause is still pending and the parties are in court, their power over the record is confined to errors and mistakes of their officers, and these may at any time, upon notice to the parties in interest and saving such rights as in the interval of time may have accrued to third persons, be corrected so as to make the record conform to the action or judgment of the court. *Coughran* v. *Gutcheus,* 18 Ill. 390; *Dunham* v. *South Park Comrs.* 87 id. 185.

It is contended by plaintiff in error that the April, 1925, term of this court continued until the time fixed by law for the commencement of the June term, whether the court actually continued to sit or not, and that the April, 1925, term of court was still continuing at the time the motion was filed, on May 8, 1925, and that it was therefore a matter or cause depending and undetermined, which by statute would stand continued until the next succeeding term. This contention cannot be sustained. If this construction were to be placed upon the law, then there would never be a time which was not term time of this court. That this construction was not intended by the legislature is manifest from the distinction drawn in the statute between the powers of this court in term time and the judges thereof in vacation. In *Coe* v. *Hallam,* 173 Ill. 461, where the court was construing a statute authorizing the confession in the circuit court

of judgments by confession in vacation, it was held that the meaning of the word "vacation" is not limited to the interval between terms of court but includes any recess of the court extending over a judicial day, and in so holding, the court, in speaking of judgments rendered during such recess, said: "It seems plain that they could not be rendered at a term and also in vacation." Under the law this court has the power to adopt rules prescribing that either party to a cause which has been decided by the court may have a rehearing, in which event the case is not at an end in this court nor final judgment in force until the rehearing is denied, when the court has stayed its mandate and retained control of the case for further consideration on rehearing. This court has adopted a rule under which petitions for rehearing may be filed in cases where notice has been filed within fifteen days after the opinion is filed. The rule prescribes the manner of making such application and the notice to be given of such application. In this case no opinion was filed. The motion was not filed in the manner prescribed for petitions for rehearing and has none of the requisites of a petition for a rehearing. Section 15 of chapter 37 provides that whenever any judgment shall have been rendered in the Supreme Court which upon further consideration is found to have been erroneously entered, the judges thereof are authorized, during vacation, to change the same without ordering a rehearing thereof, by entering a proper judgment in said cause. This section can have no application to this case, for the reason that it applies only to cases where the judgment actually rendered by the court has not been properly entered by the clerk, and does not authorize a change of the judgment but only of the erroneous entry of the judgment. (*Blatchford* v. *Newberry,* 100 Ill. 484; *Blake* v. *DeJonghe Hotel Co.* 263 id. 471.) This court has not by any rule provided for a rehearing upon an order allowing or disallowing a petition for a writ of *certiorari,* and has not in any manner by rule attempted to retain jurisdic-

tion over such petition after the expiration of the term at which the petition was allowed or disallowed. When on April 24, 1925, the April term of this court was adjourned to court in course, its jurisdiction over all matters disposed of at the April term ceased except where such jurisdiction was continued by law or by rule of court. Jurisdiction under the petition for a writ of *certiorari* in this case ceased in this court on that date, and no motion to vacate the denial of this court of the writ of *certiorari* having then been made, the judgment of the Appellate Court in that case became final, (*Soden* v. *Cluney,* 269 Ill. 98,) and the rights of defendant in error in that judgment became vested.

The question involved in this case is somewhat analogous to that in *Village of North Chicago* v. *American Steel and Wire Co.* 221 Ill. 539, in which case an order was entered at the April, 1896, term of this court dismissing the writ of error upon motion. Within the time prescribed by the rules for filing a petition for rehearing in those cases that have been submitted to and decided by the court, counsel for the plaintiff in error filed a petition for rehearing The court dismissed the petition, and in so doing said: "If parties in any case apprehend that the court has fallen into error in the decision or disposition of a mere motion and wish to have the court review its action upon the motion, the proper practice is to apply at the same term of the court at which the decision upon the motion is entered, for a reconsideration of the action of the court upon the motion. When the term has expired there is no means to bring that question before the court, and a petition for rehearing can not be availed of for any such purpose."

This court at the June, 1925, term not then having jurisdiction of the subject matter and of the parties, the writ of *certiorari* in this case must be quashed as having been improvidently issued.                *Writ of certiorari quashed.*