378

(No. 21641.—)

Wɪʟʟɪᴀᴍ C. Bᴀᴛᴇꜱ, Appellant, *vs.* Tʜᴇ Cᴏᴍᴍɪꜱꜱɪᴏɴᴇʀꜱ ᴏꜰ Lᴀᴋᴇ Fᴏʀᴋ Sᴘᴇᴄɪᴀʟ Dʀᴀɪɴᴀɢᴇ Dɪꜱᴛʀɪᴄᴛ, Appellee.

*Opinion filed April 22, 1933.*

Hᴀʀᴏʟᴅ F. Tʀᴀᴘᴘ, for appellant.

Cᴏᴠᴇʏ & Wᴏᴏᴅꜱ, for appellee.

Mr. Jᴜꜱᴛɪᴄᴇ Oʀʀ delivered the opinion of the court:

Appellant, William C. Bates, filed suit in an action on the case in the circuit court of Logan county against appellee, the commissioners of Lake Fork Special Drainage District, a corporation, for damages to his property by fire, alleged to have been caused by the negligence of an agent or employee of appellee. A plea of the general issue was filed by appellee. At the close of the evidence for appellant on the trial the court directed a verdict for appellee, and after appellant's motion for a new trial had been overruled judgment was entered on the verdict. This is an appeal from that judgment.

Appellee is a special drainage district organized under the Farm Drainage act. Appellant in his declaration al-

leged that appellee suffered and permitted weeds, willows and undergrowth to grow up and remain on its right of way on the sides of a ditch which passed through the lands of appellant. The evidence established that when a strong wind was blowing, an employee of the district set fire to weeds and rubbish on the banks of appellee's drainage ditch, that the fire spread to the lands of appellant and damaged his property, and that no precautions were taken or effort made to prevent the spread of the fire to appellant's property.

It is apparently upon the ground that a construction of the constitution is involved that the appeal is taken directly to this court, as we perceive no other ground of jurisdiction. Appellant contends that the provision of section 13 of article 2 of the constitution that private property shall not be taken or damaged for public use without just compensation is applicable to this case and gives him a right of action against appellee for the negligence of its employee, Sherman Peters. Appellant also cites section 19 of article 2 of the constitution, which reads as follows: "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay." We are of the opinion that neither section 13 nor section 19 of article 2 of the constitution has any application to the question whether or not drainage districts are liable for damages caused by the negligence of their employees in the performance of their duties, as the constitutional provisions mentioned have nothing to do with fixing or determining against whom such action shall be. *Perry* v. *City of Worchester,* 6 Gray, 544, 66 Am. Dec. 431.

This court is without jurisdiction to entertain this appeal, and the cause is accordingly transferred to the Appellate Court for the Third District.

*Cause transferred.*