(No. 24339.
The People *ex rel.* John V. Farwell *et al.* Appellants, *vs.* Edward J. Kelly, Mayor, *et al.* Appellees.

*Opinion filed February 16, 1938.*

AARON SOBLE, (MAX CHILL, of counsel,) for appellants.

BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, ARTHUR A. SULLIVAN, and J. HERZL SEGAL, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, by the People, filed a petition for *mandamus* to compel the city of Chicago and various officers therein named, to pay the interest accruing on a judgment entered against it, as compensation for property condemned and taken in a local improvement proceeding, in the sum of $16,200. The principal of the judgment was paid on February 17, 1937, but payment of interest was refused. The present appellants hold the judgment by assignment from the original property owners. The answer admitted the recovery of the judgment but denied it was mandatory upon the city to pay it, alleging that the city had no money with which to pay the judgment. The answer also alleged that from the beginning of the condemnation proceeding to the payment of the amount of the judgment, appellants had been in the undisturbed possession of the property, had the beneficial use thereof in the same manner and to the same extent they had prior to the institution of the proceedings in condemnation, and that if appellants, under the law, are entitled to interest on the judgment, the defendant city is entitled to have the interest canceled, or reduced, by having set off against it the value of the beneficial use of the property.

The principal question arising on this record is whether the beneficial use of property taken in condemnation proceedings may be set off against interest accruing after final judgment is entered and before payment thereof. Payment of the judgment was accepted by appellants under protest and they claimed interest accruing thereon at five per cent.

This interest amounted, up to the date of the payment of the judgment, to $5244.77. The defendant city introduced as evidence the opinion of a witness that the beneficial use of the property between the date of the final judgment and the payment thereof amounted to $5425. The trial court found there was $5244.25 interest due on the judgment and that the beneficial use of the premises amounted to $5400; that the city was entitled to have that amount set off against the interest accrued, and so found that there was no money due appellants. The petition for *mandamus* was dismissed.

Appellants brought the case directly to this court apparently on the theory that a constitutional question is involved. Counsel for appellees do not dispute that claim but, as has often been stated by this court, it is the court's duty to determine, on its own account, the question of jurisdiction. Does the claim of a set-off for beneficial use against a claim for interest on a judgment entered in a condemnation proceeding for just compensation for property taken, present a constitutional question? This court, through a line of very definite decisions, has declared that interest on condemnation judgments accrues against a municipality under, and only under and by reason of, the Interest statute. Interest is purely statutory and arises neither from an agreement, express or implied, nor by way of damages or penalty. In some of the opinions expressions have been used indicating that provision should be made for interest in order to avoid failure of the constitutional guaranty for just compensation. This is by no means saying that interest is a part of just compensation. The justice of the application of the Interest statute may well be supported by the constitutional guaranty, but there is nothing in the constitution which guarantees interest or declares it shall be paid. It has been well settled by this court that, in this State, interest on final judgments for compensation is allowed by reason of the application of the Interest statute to all final judgments.

In *Turk* v. *City of Chicago,* 352 Ill. 171, two questions were presented; first, whether a judgment under the Local Improvement act for compensation for property taken was a final unconditional judgment after a period of ninety days from its rendition had elapsed. The second was whether the Interest statute applied to unconditional judgments against municipalities. *Appleton Waterworks Co.* v. *Railroad Commission,* 154 Wis. 121, was cited to the conclusion that just compensation for property means the present value of the property presently paid, and that if payment does not accompany the taking but is postponed to a later period, it is but just that interest be paid thereon. This is not a holding that interest accrues as a part of just compensation. The plain holding in the *Turk case* is that such interest is payable under and because of the Interest act and its applicability to final judgments.

*People* v. *Kelly,* 361 Ill. 54, was a *mandamus* proceeding to compel the payment of a judgment for damages for changing a street grade. The cause came here on direct appeal because an act of the General Assembly commonly known as the Judgment Tax act was assailed as unconstitutional. The point was made that if construed as interfering with the immediate payment of judgment for compensation it contravened section 13 of article 2 of the constitution requiring payment of just compensation. It was there again said that section 13 of article 2 is self-executing, and that its guaranty is only satisfied by payment.

In *Feldman* v. *City of Chicago,* 363 Ill. 247, the question presented was "whether suit can be maintained for interest claimed on a condemnation judgment where the face of the amount of the judgment has been paid in full and accepted by the plaintiffs." The cause came on appeal from the Appellate Court. This court there said that the question "was settled by this court in the case of *Turk* v. *City of Chicago,* 352 Ill. 171." The *Turk case* was there again reaffirmed in its holding that interest on a final unconditional

judgment for compensation arises out of and accrues because of the Interest statute. It was there said in the opinion: "It [the argument] ignores the essential fact that here the interest is purely statutory, and arises neither from an agreement, express or implied, nor by way of damages or penalty for delay in payment of the principal." In *Blaine* v. *City of Chicago,* 366 Ill. 341, and in *Kamberos* v. *City of Chicago,* id. 471, this court declared that the rule in the *Turk* and *Feldman cases,* and other cases there cited, is the settled law of this State.

In the opinion in the *Feldman case* the following language was used: "But the basis for the rule is sound, in that it originates from the constitutional right to just compensation for private property taken for public use. Where there is delay in the payment of a condemnation judgment it cannot reasonably be said that its payment at some later date will amount to just compensation, because the owner in such cases is deprived of the full and beneficial use and enjoyment of his property without legal process or compensation." This language does not, as counsel suppose, mean that the rule in this State is, or ever has been, that interest is a part of just compensation, although until compensation is paid the constitutional guaranty is, of course, not met. The determination both of the accruing of interest and the rate thereof is, as said in the *Turk* and *Feldman cases,* and other cases, purely statutory. The quoted language from the *Feldman case* is not to be construed as holding otherwise. The ruling of this court in that case is plain.

*Seaboard Air Line Railway Co.* v. *United States,* 261 U. S. 299, 67 L. ed. 664, was a suit to recover the value of a small tract of land requisitioned and taken on May 23, 1919, by the United States Government for the use of the army. The question there was whether interest should be allowed as a part of the judgment of compensation for a period covering the time between the taking of the land

and the entry of the judgment. It is clear that that case is not in point here.

No constitutional question is involved in this case. As we have stated, the sole question is whether the city has a set-off against the plaintiff's claim for interest on their judgment. Such does not involve a constitutional issue.

As there is no constitutional or other question giving this court jurisdiction, the cause is transferred to the Appellate Court for the First District. *Cause transferred.*