(No. 24306.

THE PEOPLE *ex rel.* The First National Bank of Blue Island, Admr., Appellant, *vs.* ROBERT KINGERY, Director of the Department of Public Works and Buildings, Appellee.

*Opinion filed February 17, 1938.*

LAWLOR, WALSH & BERNSTEIN, (EDWIN D. LAWLOR, of counsel,) for appellant.

OTTO KERNER, Attorney General, (EARL B. DICKERSON, of counsel,) for appellee.

Per CURIAM: Appellant's intestate, Kate Popp, had filed a petition in the superior court of Cook county seeking, by *mandamus,* to compel appellee, Robert Kingery, as Director of the Department of Public Works and Buildings of the State of Illinois, to institute proceedings to ascertain compensation due her for damages occasioned to her land by reason of a separation of grades on the highway extending along two sides of her property. Her petition showed that no land was taken but that, by reason of the depression of the highway on one side and the elevation on the other, her ingress and egress were destroyed. Appellee made a motion to dismiss the petition on the ground that it showed, on its face, that the petitioner had an adequate remedy at law for damages, and that it failed to state facts establishing a legal duty on the part of the defendant to bring such an action as is contemplated and provided for under the Eminent Domain act. The court denied this motion and, appellee abiding it, judgment in *mandamus* was issued. The cause was taken by the defendant to the Appellate Court for the First District on appeal, where the judgment of the superior court was reversed. Leave to appeal having been by this court granted, the matter is now before us.

Appellant here urges that the Appellate Court was without jurisdiction to try the cause for the reason that there is involved the construction of constitutional provisions. Appellee says that the petition filed in the superior court was based on an alleged duty of the defendant under the statutes and that no constitutional provision was invoked, and that appellant, here, should have moved in the Appellate Court to transfer the cause, and not having done so, waives any constitutional question. The judgment of the superior court was based upon the duty of the Director of the Department of Public Works and Buildings to institute a proceeding under the Eminent Domain act for the purpose of determining what damages were suffered by the petitioner by reason of the change of grade in the highway, and that this duty rested upon the defendant "under the statutes and constitution of this State." The order was that he proceed in accordance with the statutes and constitution of the State to institute proceedings to determine the amount of damages.

An examination of the opinion of the Appellate Court discloses that the judgment was reversed on no other than constitutional grounds. It is clear that a constitutional question is necessarily involved in this case, and while the appellant, here, might properly and should have moved to transfer the case from the Appellate Court to this court, the fact that it did not do so does not confer jurisdiction on the Appellate Court to hear and decide constitutional questions, which it did. It is not a case of waiver of constitutional questions. Appellant, here, followed the appeal to the Appellate Court and that court based its opinion on its construction of the constitution. This it was without jurisdiction to do. The only power that court had in the premises was to transfer the cause to this court, and any other order entered by it in this cause is *coram non judice* and ineffectual for any purpose. *Schmidt* v. *Barr*, 328 Ill. 365; *Kowalczyk* v. *Swift & Co.* 317 id. 312.

By granting leave to appeal from the judgment of the Appellate Court, we now have jurisdiction to decide the issues in this case, without the unnecessary procedure of remandment to the Appellate Court with directions to transfer the cause to us. Under similar conditions, where a freehold was involved, in *Lynn* v. *Lynn*, 160 Ill. 307, we said (p. 315): "This court, when the case was submitted, had jurisdiction of the subject matter and of the parties, and the fact, alone, that the parties took the wrong road to reach this court and traveled through the Appellate Court did not oust this court of jurisdiction" to consider the case on its merits. Likewise, in *People* v. *May*, 276 Ill. 332, where the record came here for review by *certiorari*, it was held that the jurisdiction of this court over the subject matter of the controversy is not affected by the mode in which the case is brought to the court. Aside from these former decisions, the legislature has expressly granted this court the discretion, on such terms as it deems just, to "give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief * * * as the case may require." (Ill. Rev. Stat. 1937, chap. 110, sec. 92, par. (f.) Under this authority, we shall assume jurisdiction of the case as if the Appellate Court had made the transfer order it ought to have made. Although the briefs now filed appear to cover all the points necessary to decide this case on the merits, we nevertheless grant to appellant ten days' additional time from the date this opinion is filed, and to appellee twenty days from such date, within which to file additional briefs, if they choose to do so.

The judgment of the Appellate Court, being void, is vacated, the order of submission is set aside and the cause will be treated as transferred to this court for decision of all the issues.

*Judgment of Appellate Court vacated.*
*Jurisdiction retained here.*