(No. 25087.—

JOHN F. CUNEO, Plaintiff in Error, *vs.* THE CITY OF CHICAGO, Defendant in Error.

*Opinion filed December 12, 1939.*

SHAW, J., specially concurring.

John L. McInerney, and Campbell, Clithero & Fischer, for plaintiff in error.

Barnet Hodes, Corporation Counsel, (Alexander J. Resa, of counsel,) for defendant in error.

Mr. Justice Gunn delivered the opinion of the court:

John F. Cuneo recovered a judgment against the city of Chicago for the sum of $217,345 for damages claimed to have been sustained to his property as the result of the construction of a viaduct extending from the east line of Michigan avenue eastward across the tracks of the Illinois Central and Michigan Central Railroads. This structure was built in pursuance of an ordinance of the city of Chicago which required the Illinois Central Railroad to build it at the time and in the manner specified in such ordinance. The viaduct extended upon and over Randolph street immediately to the south of the property owned by plaintiff at the corner of Randolph street and Michigan avenue.

The declaration charged the property of plaintiff was damaged by the exclusion of light, air, view and access, which entitled him to just compensation as guaranteed by section 13 of article 2 of the Illinois constitution. No claim of physical taking, or actual injury to the ground or structures, of a physical character, is urged. Upon the trial of the cause the defendant offered in evidence a release signed by plaintiff, dated February 10, 1931, stating that whereby, in consideration of $4800, Cuneo does "hereby forever release and discharge the said Illinois Central Railroad Company of and from any and all claims, demands and causes of action of whatsoever kind, nature or descrip-

tion, whether past, present or future, and whether permanent, continuing, or otherwise, which may arise out of damages occasioned to the building on the premises above described and the effects therein, and to the occupants of said building, by virtue of the construction of the East Randolph street viaduct now being carried on adjacent to said property by said Illinois Central Railroad Company," etc. The trial judge sustained an objection to the introduction of this release. The case was appealed to the Appellate Court, which reversed the judgment and remanded the cause to the superior court for a new trial, upon the sole ground that error was committed in refusing to receive said release in evidence.

It is the contention of the defendant, the city of Chicago, that said release included all damages of whatsoever nature that might accrue to the property as distinguished from the building, and since there could be but one recovery for damages to the property, whether it be from the railroad company or from the city, or both, the release of the railroad company operates as a release of the city. The plaintiff, on the other hand, claims that the release had reference only to physical damages which accrued to the building itself, by reason of excavations nearby and the shoring up of the building, and had no reference to consequential damages to the value of the property.

The Appellate Court found that the declaration embraced damages to the real estate and the building, and that said release necessarily included a release of any damage to the building without regard to whether it was physical or otherwise, and left for consideration only the damage, if any, to the market value of the land alone.

The plaintiff has sued out a writ of error to this court upon the ground that a question of the construction of the constitution has been raised in the case for the first time in the Appellate Court, viz., whether the damages to any portion of the plaintiff's property for consequential injury

have been released, in whole or in part, in such a manner as to inure to the benefit of the city of Chicago. Where no constitutional question is raised in the trial court but one is passed upon for the first time by the Appellate Court, the judgment may rightfully be reviewed in this court by writ of error. (*Bagdonas* v. *Liberty Land and Investment Co.* 309 Ill. 103; *Brown* v. *Kienstra,* 337 id. 641.) Where a constitutional question is involved, it is immaterial whether the Appellate Court's orders are interlocutory. (*Hallberg* v. *Goldblatt Bros. Inc.* 363 Ill. 25.) In the cases of *People* v. *Kingery,* 368 Ill. 205, and *People* v. *Kingery,* 369 id. 289, where it appeared the Appellate Court had, in each case, decided a constitutional question, its order was vacated and the cause transferred to this court for decision.

It, therefore, is clear that if a constitutional question was raised for the first time in the Appellate Court, the same may be reviewed by this court on writ of error, or, when brought to the attention of this court in any proper manner, such judgment may be vacated and the cause transferred here. The question here to be determined from the record is whether the action of the Appellate Court did involve a construction of the constitution of the State of Illinois.

The constitutional provision said to be involved is section 13 of article 2 of the constitution, which provides that private property shall not be taken or damaged for public use without just compensation. The judgment of the Appellate Court does not question the right of the plaintiff to recover for the damage claimed to have been done to his property on Randolph street but, on the contrary, holds that the release tendered should have been allowed to go before the jury for the purpose of determining whether the damages involved in this suit had been wholly or partially released. The view of the Appellate Court was that since the plaintiff offered evidence showing damage to the property as a whole, which included the building thereon, that a re-

lease of damages to the building occasioned by the improvement should have been received, so that the damages allowed to the property as a whole should not take into consideration damage occasioned to the building. This ruling of the Appellate Court does not involve a construction of the constitution but is merely a ruling upon the competency of evidence which might increase or diminish a verdict in the case.

In *People* v. *Kelly,* 368 Ill. 164, it was held that the question whether the city might set off the beneficial use by the property owner of property condemned against interest on a condemnation judgment, did not involve a constitutional question and, likewise, in *Bates* v. *Lake Fork Special Drainage District,* 352 Ill. 378, it was held that the question whether drainage districts are liable under section 13 of article 2 of the constitution for damages caused by the negligence of its employees did not involve a constitutional question, so as to authorize an appeal directly to the Supreme Court.

It is further urged by plaintiff in error that the release was not admissible in evidence because it was given to the Illinois Central Railroad Company and the present suit is against the city of Chicago, but we fail to see how this question involves the construction of the constitution. Depending upon circumstances, both the city and the railroad company, or either of them, may become liable to the owner of property for damages caused by a structure in the adjoining streets, and whether a release of damages given by the property owner to one may operate to the benefit of the other, is a question of construction of the instrument and not a question of constitutional law. The determination of that question by us would not involve compensation for property taken or the right to damages for property not taken for public use, but would merely adjudicate whether the interested parties had settled or released rights of action granted by the constitution, as parties to any action might do in other cases under general principles of law. The

question upon which review is sought in this case is one of construction of a release and not one involving the construction of the constitution.

The writ of error is, accordingly, dismissed.

*Writ dismissed.*

Mr. JUSTICE SHAW, specially concurring: I agree with the result reached in this opinion but not with all that is said therein.