(No. 26665.—

THE PEOPLE *ex rel.* The Moody Bible Institute of Chicago, Plaintiff in Error, *vs.* THE CITY OF CHICAGO *et al.,* Defendants in Error.

*Opinion filed November 17, 1942—Rehearing denied Jan. 13, 1943.*

ORR, VAIL, LEWIS & ORR, and URION, BISHOP & SLAD-
KEY, (WARREN H. ORR, HOWARD F. BISHOP, ROBERT F.
DEWEY, and LOREN E. LEWIS, of counsel,) for plaintiff in
error.

BARNET HODES, Corporation Counsel, (JOSEPH H.
GROSSMAN, and J. HERZL SEGAL, of counsel,) for defend-
ants in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error was awarded a judgment in the
county court of Cook county against the city of Chicago on
November 28, 1930, in the sum of $896,227 to compensate
it for the taking and damaging of certain property belong-
ing to it on LaSalle street in said city. Shortly after the
entry of the judgment, the city paid $530,445 thereof, leav-
ing unpaid the principal amount of $365,782.

In the present cause the plaintiff in error filed a *man-
damus* action in the superior court of Cook county to com-
pel the city of Chicago to pay the unpaid portion of the
judgment. The city filed an amended counterclaim, wherein
it alleged that by reason of a breach of an agreement on

the part of the Moody Institute to remove obstructions from the land condemned, the city was entitled to damages equivalent to interest on the amounts paid upon the judgment awards. The trial court refused to award the *mandamus* writ for the payment of such balance and also found against the city on its amended counterclaim. An appeal was taken to this court by plaintiff in error, but the notice of appeal was preceded by a notice of appeal filed two days before by the defendants in error, taking an appeal to the Appellate Court. The appeal to this court was therefore dismissed "without prejudice." The plaintiff in error then directed its attention to the Appellate Court, First District. There it moved the Appellate Court to transfer the cause to this court on the ground that constitutional questions were involved. The motion was taken with the case by the Appellate Court and on November 28, 1941, that court filed an opinion denying the motion on the grounds that no constitutional questions were involved, and also affirming the judgment of the superior court. Thereafter, a petition for leave to appeal was filed in this court by the plaintiff in error, and on January 20, 1942, leave to appeal was denied. The plaintiff in error now brings the present writ of error seeking to have the case reviewed in this court. The defendants in error have filed a motion to dismiss the writ of error, which motion was taken with the case, and briefs of both parties have been filed in this cause.

On October 6, 1930, the plaintiff in error and the city of Chicago entered into a stipulation, the purpose of which by its terms was to compromise and settle the condemnation suit then pending between the parties in the Supreme Court of the United States. The stipulation was made a few weeks prior to the entry of the condemnation judgment, for which payment is sought by this action, but was never filed in the cause nor made a part of the record in the county court of Cook county. On the trial of this

*mandamus* suit, the superior court admitted the stipulation in evidence over objection of plaintiff in error. In the answer of the defendants in error to the petition for writ of *mandamus,* the stipulation was set up as a matter of defense to the immediate payment of the balance of the condemnation judgment. By the terms of the stipulation the city of Chicago agreed to set aside all verdicts and judgments theretofore rendered in the condemnation suit, and to permit evidence to be presented to the county court in a subsequent hearing, the effect of which was to increase the judgment and awards to plaintiff in error by a sum in the neighborhood of $350,000. By its further terms the stipulation provided that plaintiff in error would remove all obstructions, or submit to the Board of Local Improvements a *bona fide* contract for their removal, from the part of its properties taken in the condemnation proceeding. It was the contention of the city of Chicago that it was not compelled to pay the balance of the judgment until the plaintiff in error had removed such obstructions. There was the further provision in the stipulation that the city should pay plaintiff in error in cash the amounts originally allowed in the findings and judgment on each piece of property in the condemnation suit, after deducting therefrom the assessments originally confirmed against the remainder of such properties; that upon such payments being made the plaintiff in error would surrender to the city of Chicago the property taken for the contemplated improvement, and have orders entered in the condemnation proceeding permitting the city to take possession of such properties.

The partial payments, amounting to $530,445, were made by the city and it entered into possession of the property sufficiently to complete the paving portion of the project but was unable to proceed with the sidewalk portion of the improvement because of the building structures

remaining on that portion of the condemned property.

It is insisted by the plaintiff in error that this is its first clear opportunity to present the constitutional questions involved in the case to this court. In its reply to the answer of the defendants in error and on the trial it was claimed that the stipulation, if used as a bar to payment of the judgment, was a violation of the provisions of the Illinois and Federal constitutions, in that such use was (1) a violation of section 13 of Article II of the Illinois constitution, which provides that just compensation shall be paid for property taken or damaged for public use, and (2) a violation of the Illinois constitution and section 1 of the fourteenth amendment to the constitution of the United States which provide that no person shall be deprived of his property without due process of law. The same constitutional questions were again raised by cross appeal in the Appellate Court. On the motion to transfer made in that court, it was further urged that the Appellate Court had no jurisdiction on review because the proceeding was a continuation of the local improvement proceeding in which the judgment herein sought to be enforced was rendered, and therefore only a direct appeal to the Supreme Court was proper.

In support of their motion to dismiss the writ of error, the defendants in error contend that the only method of obtaining a review by plaintiff in error from the judgment of the Appellate Court is by petition for leave to appeal, or certificate of importance, except where writ of error is preserved by section 11 of article VI of the constitution, and that no debatable constitutional question is involved in this case.

After a careful review of the record, we believe the motion to dismiss is well taken. It is conceded that if no stipulation had been entered into, the taking of property without paying the full amount of the condemnation judg-

ment would have been a violation of the constitutional rights of the plaintiff in error. (Const. of 1870, sec. 13, art. II; *People ex rel. Farwell Co.* v. *Kelly,* 361 Ill. 54; *Eldred Drainage and Levee District* v. *Wilcoxson,* 365 id. 249.) Those authorities all support the well known constitutional protection that "private property shall not be taken or damaged for public use without just compensation," and that the constitutional guaranty is not satisfied by the judgment alone, but only by the payment of it. But the city of Chicago and the plaintiff in error saw fit to enter into a written contract or stipulation wherein and whereby very substantial questions and differences of opinion were compromised, settled and agreed upon, which creates an entirely different situation from the facts set forth in the above-mentioned cases. The situation in this case is quite different from the facts in *People ex rel. First Nat. Bank* v. *Kingery,* 368 Ill. 205. In that case a clear constitutional question was involved because a property owner sought by *mandamus* to compel the Director of the Department of Public Works and Buildings to institute proceedings to ascertain damages due to a separation of grades on a highway extending along two sides of her property. The trial court awarded the writ, and the appeal was improperly taken to the Appellate Court, where the judgment of the lower court was reversed. A petition for leave to appeal was filed in this court and granted, even though there had been no motion for transfer made in the Appellate Court and although that court had no jurisdiction to hear the appeal. In the present case a motion to transfer was made in the Appellate Court and denied and later the judgment against plaintiff in error affirmed. It thereupon filed a petition for leave to appeal, asking this court to assume jurisdiction for the purpose of determining the alleged constitutional questions just as though the order of transfer had been made, or, in the alternative, if it con-

sidered that no constitutional questions were presented, to grant leave to appeal. This court thereupon denied leave to appeal.

The position of plaintiff in error that the judgment was final and unconditional and that the stipulation entered into before the judgment is no limitation or restriction whatever upon the judgment, since the stipulation was entirely omitted from the record in that case, presents questions that were very properly considered by the Appellate Court. They involve the interpretation and effect of the stipulation and kindred questions concerning the validity of the judgment and do not necessarily raise a constitutional question.

The contention of plaintiff in error that this *mandamus* proceeding is, to all effects and purposes, a continuation of the original proceeding under the Local Improvement Act, so as to fall within the provisions of section 95 of that act, (Ill. Rev. Stat. 1941, chap. 24, par. 84-95,) providing that appeals from final judgments or orders may be taken to the Supreme Court, is not sound. In *McBane* v. *People ex rel. Stout,* 50 Ill. 503, a petition for *mandamus* was held to be an original suit.

No other questions different from those contained in the petition for leave to appeal are included in the present writ or error. All other questions presented by the petition are again presented by the writ of error and no such method or manner of appeal is provided by either the statutes of the State of Illinois or the constitution. Sec. 75 Civil Practice Act; Ill. Rev. Stat. 1941, chap. 110, par. 199; Const. of 1870, sec. 11, art. VI.

The writ of error is therefore dismissed.

*Writ of error dismissed.*