(No. 27188.—

GEORGE ORTSEIFEN *et al.*, Exrs., Defendants in Error, *vs.*
THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed January 18, 1944—Rehearing denied March 22, 1944.*

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL, L. LOUIS KARTON, and WILLIAM J. LANCASTER, of counsel,) all of Chicago, for plaintiff in error.

URION, BISHOP & SLADKEY, (HOWARD F. BISHOP, and GEORGE P. NOVAK, of counsel,) all of Chicago, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here by writ of error sued out by defendant, city of Chicago, in an action for damages resulting from the construction of an approach on Wabash avenue, a viaduct on Kinzie street, and the change of grades of certain streets and sidewalks adjoining plaintiffs' property, all in the city of Chicago. The suit was filed in the circuit court and on trial before a jury a verdict was returned finding defendant guilty and assessing plaintiffs' damages at $5000. On appeal to the Appellate Court the judgment and verdict were set aside and the cause remanded for a new trial, the Appellate Court finding that to permit the verdict to stand would result in serious injustice to the plaintiffs, as the amount awarded did not amount to just compensation for damages to plaintiffs' property caused by the public improvements. Plaintiff in error has sued out of this court a writ of error on the ground that the Appellate Court did not have jurisdiction under the constitution to set the verdict aside.

Defendants in error, herein designated as plaintiffs, filed a motion at a prior term of this court to dismiss this writ of error on the grounds, first, that the Appellate Court had jurisdiction to enter the order it did, and second, that plaintiff in error waived the right of review by not following the provisions of the Civil Practice Act, section 75, subsection 2, pertaining to review. It was considered that

this motion did not present grounds justifying dismissal of the writ of error and the motion was denied.

An examination of the record shows, however, that at no time in the Appellate Court, either in its briefs or by petition for rehearing, did the plaintiff in error raise the claimed constitutional question concerning the jurisdiction of the Appellate Court to hear the cause. It filed no petition for rehearing and it nowhere appears that the question of the Appellate Court's jurisdiction was urged or passed upon in that court.

The Appellate Court has power to pass upon the constitutional question of its jurisdiction to hear the cause where such question has been presented, either in the briefs or in a petition for rehearing, subject to review in this court by writ of error. *Cuneo* v. *City of Chicago,* 372 Ill. 473; *Bagdonas* v. *Liberty Land and Investment Co.* 309 Ill. 103.

In *People ex rel. First Nat. Bank* v. *Kingery,* 368 Ill. 205, the cause came to this court on leave to appeal granted. It was found on examination of the record that the Appellate Court, in passing on the merits of the cause, construed the constitution, which it had no power to do, and its judgment was set aside and the cause treated as transferred to this court for decision on its merits. It was held that while the appellant here should have moved to transfer the cause, the fact that she did not do so did not confer jurisdiction on the Appellate Court to "decide constitutional questions, which it did." It was also held that such was not a case of a waiver of a constitutional question. Here the question was one of jurisdiction to entertain the cause, which this court has held the Appellate Court may decide subject to review by this court, just as a trial court may decide such question. The only question before the Appellate Court was whether it should sustain or set aside the verdict of the jury. Nowhere was the question

of jurisdiction of the court raised and at no time was the Appellate Court asked to pass upon such question.

In this case that question is the principal contention of the plaintiff in error. Had the question been presented to the Appellate Court, as it could have been, either in the briefs, on motion, or in petition for rehearing, and passed upon by that court, its decision would, as we have seen, be subject to review here by writ of error. The complaint in this case is not that the Appellate Court, in passing on the merits of the case, construed the constitution, but the sole ground on which plaintiff in error has sued out a writ of error here is that the Appellate Court had no jurisdiction to hear the cause. It is the duty of this court, when it discovers that, for whatever reason, the parties are not entitled to invoke the jurisdiction of this court, to act upon that information and refuse to hear the cause. We are of the opinion that in this case plaintiff in error, by not presenting to the Appellate Court the question of its jurisdiction, and procuring a ruling thereon, waived the right to a writ of error from this court. The writ is therefore dismissed.

*Writ of error dismissed.*

Mr. Justice Wilson, dissenting.