(No. 29162.—

BRADFORD SUPPLY COMPANY, INC., Plaintiff in Error, *vs.*
WALTER W. WAITE, Defendant in Error.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

HENRY I. GREEN, and ORIS BARTH, both of Urbana, and WHAM & WHAM, of Centralia, (F. M. NASH, of Bradford, Pa., of counsel,) for plaintiff in error.

JOE CRAIN, of Mound City, and ASA J. WILBOURN, of Cairo, for defendant in error.

Mr. JUSTICE WILSON delivered the opinion of the court:

This writ of error is a sequel to *People ex·rel. Waite* v. *Bristow,* 391 Ill. 101. An understanding of the issues presented requires a summary review of the facts set forth in *People* v. *Bristow.* August 25, 1942, the plaintiff, Bradford Supply Company, Inc., filed its complaint in the circuit court of Pulaski county against R. G. Williams, Trustee, Herbert S. Duffy, W. R. Richey and Walter W. Waite. The relief sought was the foreclosure of a materialmen's lien on oil-well equipment furnished by plaintiff to Williams. Waite answered the complaint, denying that plaintiff was entitled to any of the relief prayed for, and filed a cross complaint or counterclaim seeking damages against plaintiff. The action at law on Waite's counterclaim was tried by a jury separately from the other issues in the cause. October 28, 1943, the jury returned its verdict in favor of Waite, and fixed his damages at $37,500. November 9, 1943, the trial judge heard and denied motions for a new trial and for judgment notwithstanding the verdict. On the day named, namely, November 9, 1943, judgment was rendered on the verdict on the counterclaim in favor of

Waite and against Bradford Supply Company, Inc., for
$37,500, and costs. The latter filed its notice of appeal on
November 27, 1943, its appeal bond on December 6, 1943,
and in due course, perfected its appeal to the Appellate
Court for the Fourth District. A transcript of the record
was filed in the Appellate Court on January 26, 1944. On
February 4, 1944, plaintiff filed its motion to dismiss the
appeal without prejudice. Shortly thereafter, Waite also
filed a motion to dismiss the appeal. On February 23,
1944, the Appellate Court allowed plaintiff's motion to dis-
miss the appeal without prejudice and granted plaintiff
leave to withdraw the record. October 10, 1944, plaintiff
filed in the Appellate Court a motion to vacate the order
entered on February 23, 1944, dismissing its appeal with-
out prejudice, to reinstate the cause on the docket of the
court, for leave to withdraw its motion to dismiss the
appeal without prejudice, and for other relief. Waite made
a motion to strike plaintiff's motion. On October 25, 1944,
Waite's motion to strike was denied and plaintiff's motion
to reinstate the cause and for other relief was allowed *in
toto*. A more formal order consonant with these findings
was signed by a judge of the Appellate Court on October
30, 1944. This order followed the earlier order of Octo-
ber 25, reinstating the cause on the docket, and granting
plaintiff permission to withdraw its motion to dismiss the
appeal without prejudice. January 11, 1945, this court
dismissed defendant's petition for leave to appeal and de-
nied his motion to consider the petition for leave to appeal
as a writ of error.

On January 16, 1945, Waite was granted permission to
file an original petition for a writ of *mandamus* in this
court. (*People ex rel. Waite* v. *Bristow,* 391 Ill. 101.)
The relief asked was that the three judges of the Appel-
late Court for the Fourth District be directed to expunge
from the records of that court the order of October 25,
1944, and, also, the formal order of October 30, 1944. By

appropriate pleadings, issues of law were made, the decisive question presented being whether the Appellate Court had jurisdiction to enter the order of October 25, 1944, vacating and setting aside its earlier order of February 23, 1944, dismissing the appeal on motion of plaintiff. The conclusion was reached that the Appellate Court was without jurisdiction, on October 25, 1944, to enter the challenged order. We pointed out that the words "without prejudice," used by the Appellate Court in dismissing the appeal on February 23, 1944, were words of ancient origin, and that the only effect of their inclusion in the order was to show that the judgment was neither affirmed nor reversed, nor the cause decided on the merits, leaving plaintiff (the appellant in the Appellate Court) in the same position it occupied before filing its appeal. It followed, necessarily, that the judgment of the circuit court was in full force and effect, precisely the same as if no appeal had ever been taken. We pointedly observed: "The appellant was free to perfect another appeal in any manner authorized by statute. If it failed to exercise or pursue that right it was prejudiced, not by the order dismissing the appeal, but by its own inaction." We held, and the statement in the opinion was necessary to our decision, and not *dictum,* as plaintiff repeatedly asserts in its briefs, that its only right to appeal after the dismissal of the appeal in the Appellate Court was by petition for leave to appeal, pursuant to section 76 of the Civil Practice Act. The judgment was entered on November 9, 1943, and the appeal dismissed more than ninety days thereafter on February 23, 1944. Plaintiff then enjoyed the privilege, to and including November 8, 1944, of filing a petition for leave to appeal under section 76 which grants permission to file a petition for leave to appeal within one year where a showing is made that the petitioner was not guilty of culpable negligence in failing to file notice of appeal within ninety days after the entry of judgment or in failing to prosecute its appeal

when such notice has been filed. This, plaintiff did not do. Instead, the appeal was removed from the docket at plaintiff's instance and, likewise, from the jurisdiction of the Appellate Court. Plaintiff thus lost its right to appeal except upon a petition and leave granted under section 76. Admittedly, it did not file a petition under section 76 and, of course, no occasion presented itself to the Appellate Court for granting leave to file such a petition. In *People ex rel. Waite* v. *Bristow,* we also held, as necessary to a decision of the cause on its merits, and not as *dictum,* that the judgment of the circuit court, which was not written up by the clerk of that court until June 13, 1944, was not a *nunc pro tunc* judgment entered on June 13, 1944, as of November 9, 1943, specifically deciding, "The judgment was rendered on November 9, 1943, and properly entered in the minutes of the court on that date. * * * The minutes of the court contained ample authority for the clerk to write up the formal judgment as finally written up by him. When so written up by the clerk, it was the judgment of the court, entered on November 9, 1943. It was not, in any sense, a *nunc pro tunc* judgment. * * * A judgments exists from the time the court acts, even though it may not have been formally written on the record by the clerk." Finally, the contention was made and decided adversely to plaintiff that its motion to vacate the order dismissing the appeal be considered as a motion in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act.

The opinion of this court in *People* v. *Bristow* was filed on May 23, 1945. Thereafter, on June 2, 1945, more than eighteen months after the entry of judgment in the circuit court, plaintiff filed a notice of appeal dated May 31, 1945, and a petition for leave to appeal in the Appellate Court for the Fourth District seeking a reversal of the "order, decree, judgment, and determination of the said Pulaski Circuit Court, entered June 13, 1944." This peti-

tion is predicated upon the theory that it is a petition for leave to appeal filed within one year from the entry of judgment in the trial court, a theory directly contrary to the decision of this court in *People* v. *Bristow*. Waite interposed a motion to strike the petition for leave to appeal on the grounds, among others, that the Appellate Court lacked jurisdiction to grant a petition for leave to appeal unless it be filed within twelve months from the date of the entry of the judgment from which the appeal was taken; that the judgment was entered in the circuit court of Pulaski county on November 9, 1943, more than twelve months before the petition for leave to appeal was filed and, further, that this court in *People* v. *Bristow* had so decided. Suggestions and authorities were filed in support of, and also in opposition to, the motion to strike the petition for leave to appeal. Later, on July 30, 1945, the Bradford Supply Company filed a petition and motion supplemental to its petition for leave to appeal, making the petition and the record filed in its support in the Appellate Court a part of its newest petition and motion and, also, making the supplemental petition and motion a part of the petition for leave to appeal. By the petition and motion of July 30, plaintiff asked that if the Appellate Court be of the opinion that an appeal, or petition for leave to appeal, had been improvidently employed where the proper mode of review was by writ of error the cause be considered as before the court of review on writ of error. Suggestions and authorities supported the motion. Waite made a motion to strike the petition and motion of July 30. On August 3, 1945, the Appellate Court granted Waite's motion to strike the petition for leave to appeal and, also, the supplemental motion in the alternative for a writ of error. Accordingly, the petition for leave to appeal and the supplemental motion were both stricken. Plaintiff has sued out a writ of error from this court to the Appellate Court for a review of the record.

Waite has filed a motion to dismiss the writ of error on the following grounds: First, that the Bradford Supply Company did not raise a constitutional question in the Appellate Court; second, that the alleged constitutional question claimed by it is no longer debatable; third, that plaintiff admits the alleged constitutional question to be a construction of a statute, and consequently, not a constitutional question; fourth, that the Appellate Court, being without jurisdiction to entertain the petition for leave to appeal, was likewise without jurisdiction of the supplemental motion for writ of error and, finally, that the writ of error is based on the theory that the judgment was entered on June 13, 1944, instead of November 9, 1943, a theory contrary to the decision of this court in *People v. Bristow,* and, in addition, to the theory of the company itself as set forth in its first notice of appeal, filed November 27, 1943, and that it is bound by its own original notice of appeal. The motion to dismiss the writ of error has been taken with the case.

To give this court jurisdiction to review a judgment of the Appellate Court upon a writ of error, under section 11 of article VI of our constitution, a constitutional question must not only be involved but the question must have arisen in the Appellate Court for the first time. (*Abrams* v. *Awotin,* 388 Ill. 42; *Goodrich* v. *Sprague,* 376 Ill. 80; *Cuneo* v. *City of Chicago,* 372 Ill. 473.) When a constitutional question is first raised in the Appellate Court, that tribunal has authority to pass upon the question. (*Ortseifen* v. *City of Chicago,* 386 Ill. 133; *Corcoran* v. *City of Chicago,* 373 Ill. 567.) Plaintiff contends that the Appellate Court, in denying its petition for leave to appeal and, also, its alternative motion for a writ of error, gave the Civil Practice Act an unconstitutional interpretation, and presents constitutional questions first arising in the Appellate Court. In its brief, plaintiff says: "Plaintiff in error here, argued to the Appellate Court that

to give to Section 74 of the Civil Practice Act the construction that it abolished writs of error, would render said section unconstitutional; that the Legislature was powerless to deprive the parties litigant of a writ of error from a reviewing court clothed by the Constitution and the Statute with jurisdiction to issue writs of error; and that the very denial of the writ of error is a violation of the Illinois Constitution, and of due process of law." Neither plaintiff's petition for leave to appeal nor its petition in the alternative for writ of error raised a constitutional question. An examination of plaintiff's suggestions made in support of its motions in the Appellate Court also affirmatively discloses that plaintiff did not raise a constitutional question in the Appellate Court. It does not now contend that either section 74 or section 76 of the Civil Practice Act is unconstitutional, its contention being, instead, that the Appellate Court gave the Civil Practice Act an unconstitutional interpretation. The gist of plaintiff's contention in this regard is that, irrespective of the fact that section 74 of the Civil Practice Act has substituted notice of appeal for both appeal and writ of error in the great majority of cases, a writ of error still exists in civil cases as a writ of right, and that both this court and the Appellate Court have recognized this right in making provision in their rules for a review on writ of error where an attempt at review by appeal is improvidently employed. Plaintiff is arguing, in effect, that the Civil Practice Act admits of two constructions, the one urged by defendant rendering it invalid, and the other advanced by it, valid. It is merely complaining that the judgment of the Appellate Court should have conformed to its construction of the Civil Practice Act. It is firmly established that a contention of this character does not raise a constitutional question within the meaning of the Civil Practice Act. (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261; *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.) In *Compass Sales Corp.* v. *Na-*

*tional Mineral Co.* 388 Ill. 281, the pertinent observation was made, "where it is contended that if the court construes a statute in a certain way it renders the statute invalid, the question raised is one of the proper construction and not the question of its constitutionality." The judgment of the Appellate Court striking plaintiff's petition for leave to appeal and its supplemental motion in the alternative for writ of error did not involve a construction of the constitution.

The asserted constitutional issue is not a debatable question. Prior to the enactment of the Civil Practice Act, it is true that a litigant could obtain a review of a judgment or decree either by appeal or writ of error, or by both of these modes of appellate procedure. (*First National Bank of Jonesboro* v. *Road District No. 8,* 389 Ill. 156.) In civil cases, the party seeking review enjoyed the privilege of using either method, and if the time for perfecting an appeal had expired, he could still employ writ of error at any time within two years from the rendition of the decree or judgment in the trial court. Section 1 of the Civil Practice Act proclaims its application to all civil proceedings, both at law and in equity, unless the application of its provisions is otherwise expressly limited, in courts of record, except in ten named actions, or other actions in which the procedure is regulated by special statutes. Rule 2 of this court recognizes that other statutes control procedure in the actions referred to by section 1 and subsection (2) of section 31 of the Civil Practice Act. Section 74 of the new statute (Ill. Rev. Stat. 1943, chap. 110, par. 198,) provides: "Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a continuation of the proceeding in

the court below." Amendments to separate acts have resulted in section 74 being applicable to practically all civil proceedings.

A primary purpose of the statute was the consolidation of the two prior methods of review. This objective has been accomplished by substituting a single form of direct review in civil cases for the two forms of direct review, namely, appeal and writ of error, previously obtaining. The substitution is not, and does not purport to be, complete. The essential attributes of writ of error and appeal are preserved in the new single form of review, and rights enjoyed heretofore under writ of error and appeal are preserved. Section 74 provides that the "notice of appeal" proceeding is to be known as an appeal. Review by writ of error is still available in certain civil cases, and the procedure previously common to writ of error and appeal has been expressly preserved by Rule 28 of this court. Indeed, when the Civil Practice Act was enacted, appeal, as it obtained under the earlier Practice Act, was specifically preserved by several independent acts which were not amended, namely, the Housing Act, the Zoning Law and the Commission Form of Government statute. Later, these three acts were amended to make their procedure on appeal conform to the Civil Practice Act. Writ of error still remains in criminal cases, although certain provisions of the Civil Practice Act with respect to review, namely, those relative to motions and briefs, abstracts, *supersedeas,* assignments of error, form and content of the transcript of record, are made applicable to criminal cases. In proceedings of purely statutory origin, the method of review is entirely dependent upon the provisions of the statute. If no appeal or writ of error is authorized, and neither property rights nor personal liberty are involved, a review by writ of error, or otherwise, has been uniformly denied. (*Phelps* v. *Board of Appeals,* 325 Ill. 625.) Conversely, in proceedings purely statutory and unknown to the com-

mon law, involving either property rights or personal liberty, where no method of review whatever is provided but a writ of error is not expressly forbidden, a writ of error is allowed as a matter of right. (*Superior Coal Co.* v. *O'Brien,* 383 Ill. 394.) Statutes such as the Juvenile Court Act expressly provide for review by writ of error as a matter of right. (Ill. Rev. Stat. 1943, chap. 23, par. 220.) An appeal prosecuted from an order in a proceeding instituted under this statute will, hence, be dismissed because a writ of error should have been sued out for a review of the record. (*People* v. *Piccolo,* 275 Ill. 453.) Under the Extradition Act (Ill. Rev. Stat. 1943, chap. 60, par. 2,) a review *of habeas corpus* proceedings may be either by appeal or writ of error. Further illustration is unnecessary.

Plaintiff insists, however, as it did in the Appellate Court, that this cause is a case prosecuted according to the course of the common law, and that in any such case the right to review cannot be abolished by statute even if the General Assembly attempted so to do. Conceding that the right to a writ of error exists, as plaintiff urges, independently of any statutory or constitutional provisions by force of the common law, (*Loomis* v. *Hodson,* 224 Ill. 147, 153; *Haines* v. *People,* 97 Ill. 161,) the concession cannot avail it as the General Assembly enjoys the right to ordain the period within which a writ of error must be sued out. This power, the General Assembly has exercised. The power of the legislature to limit the time within which writs of error may be sued out of this court or the Appellate Court has long been settled, and is not now a debatable constitutional question. (*George* v. *George,* 250 Ill. 251.) In short, the right to a writ of error was not unlimited as to time prior to the enactment of the Civil Practice Act. This, plaintiff conveniently forgets. Section 117 of the Practice Act of 1907 (Ill. Rev. Stat. 1931, chap. 110, sec. 117,) limited the right to employ a writ of error to two years after the entry of a final judgment, order, determina-

tion or decree. Under the new procedure, the right to prosecute an appeal conformably to section 76 is limited to a prescribed period. Section 76 provides that an appeal shall be prosecuted within ninety days from the entry of the order, decree, judgment, or other determination complained of. It provides, further, that notice of appeal may be filed within a period of fourteen months, by order of the reviewing court, upon motion and notice to adverse parties within one year, and upon a showing by affidavit that there is merit in appellant's claim for appeal and that the delay was not due to appellant's culpable negligence. "Notice of appeal," like writ of error under the earlier Practice Act, is a writ of right in all cases where "writ of error" is a writ of right. Time limitations were prescribed by the former Practice Act. Since 1934 section 76 of the Civil Practice Act fixes time limitations. To the extent that section 76 prescribes limitations of time within which an appeal may be prosecuted it is a Statute of Limitations. Courts of review are, it follows, without jurisdiction to consider a petition for leave to appeal upon the expiration of the prescribed period. (*Johnson* v. *County of Cook*, 368 Ill. 160; *People ex rel. Bender* v. *Davis*, 365 Ill. 389.) Plaintiff makes no complaint that its rights have been abridged by the reduction in the period of time within which a proceeding for a review of the record must be instituted under section 76, its contention being, instead, that it has the right to a review by writ of error and, apparently, at any time. The mere statement of this proposition carries its own condemnation.

Plaintiff persists in arguing that its petition for leave to appeal was presented within twelve months from the entry of the final determination of the cause in the circuit court. Its contention in this regard has been decided adversely to it in *People* v. *Bristow*. Its argument in support of its position is largely a repetition of its petition for rehearing in *People* v. *Bristow*. Apart from the fact

that the question is not open to consideration on the present writ of error, it may very well be observed that the Appellate Court lacked jurisdiction to hear the petition for leave to appeal for the simple reason that it was filed on June 2, 1945, nearly nineteen months after the entry of the judgment in controversy on November 9, 1943. Section 11 of article VI of our constitution providing for the creation of Appellate Courts limits their jurisdiction "to such ·appeals and writs of error as may be prosecuted in circuit and other courts." As we observed recently, the jurisdiction of the Appellate Court is prescribed solely by the legislature and subject only to constitutional limitations. (*Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155.) Section 76 of the Civil Practice Act limits the jurisdiction of Appellate Courts to appeals prosecuted within ninety days and one year, as previously recounted. Section 8 of the Appellate Courts Act, as amended, (Ill. Rev. Stat. 1943, chap. 37, par. 32,) is in harmony with the Civil Practice Act and, in particular, with section 76. The only order the Appellate Court had jurisdiction to enter was one dismissing the proceeding. (*People ex rel. Courtney* v. *Fardy,* 378 Ill. 501; *People ex rel. Carlstrom* v. *Shurtleff,* 355 Ill. 210.) Since the Appellate Court was without jurisdiction of the proceeding instituted by plaintiff on June 2, 1945, it was also without jurisdiction of the supplemental motion for a writ of error. As recounted, ·review pursuant to section 76 by notice of appeal within ninety days or by petition for leave to appeal within one year replaced the prior provisions for suing out a writ of error within two years. The supplemental motion in the alternative for writ of error was properly stricken.

Plaintiff's further contention that it was entitled to pursue the remedy of writ of error because an appeal was "improvidently employed" is not well taken. Reliance upon Rules 21 of the Appellate Court for the Fourth District and 28 of our court does not aid it. We have re-

cently announced that the purpose of Rule 28, providing for the treatment of a writ of error as an appeal in certain cases, is to permit a review of a case where the parties have a right to a review by one or the other method, but it is not designed to circumvent the statute requiring the filing of a petition for leave to appeal. (*Kamienski* v. *Bluebird Air Service, Inc.* 389 Ill. 462.) The observations made in the *Kamienski case* apply with like force to plaintiff's contention that it should have been permitted to sue out a writ of error from the Appellate Court to the circuit court after having improvidently filed a petition for leave to appeal under section 76. The attempt to obtain a review by petition for leave to appeal was not "improvidently made" but was made, instead, without any basis whatever.

The contention that the order of the Appellate Court striking its motion for writ of error denied plaintiff due process of law in contravention of both Federal and State constitutional guarantees does not present a constitutional question but, instead, merely the validity of the judgment order assailed. (*Abrams* v. *Awotin*, 388 Ill. 42; *Merlo* v. *Public Service Co.* 381 Ill. 300.) Nor is the fact material that defendant, in its motion to strike the petition and supplemental motion for writ of error, urged that the assumption of jurisdiction of plaintiff's petition and motion would deny defendant due process of law. Had the Appellate Court granted the prayer of the petition and permitted a writ of error to be sued out to the circuit court, only the question of the validity or correctness of its order would have arisen.

For the reasons stated, and particularly for the reason that practically every issue presented in the present proceeding has been disposed of adversely to plaintiff in *People* v. *Bristow,* the motion to dismiss the writ of error must be, and is, allowed.

*Writ of error dismissed.*