*Margin note: Nov. Term, 1845. VANEMAN v. FAIRBROTHER.*

---

## VANEMAN v. FAIRBROTHER and Others.

A complainant in chancery moved the Court to dismiss the bill "without prejudice:" the Court refused so to dismiss the bill, but dismissed it "with prejudice." *Held*, that the dismissal would be no bar to another suit for the same cause. *Held*, also, that a writ of error would not lie on the dismissal.

ERROR to the *Kosciusko* Circuit Court.

DEWEY, J.—This was a bill in equity brought by *Vaneman* against *Fairbrother* and others, the defendants in error, at the *April* term, 1843, of the *Kosciusko* Circuit Court. The bill prayed for a certain injunction, and for certain other relief. A temporary injunction was granted at that term; and *Fairbrother's* answer was filed at the same term. At the

*Margin note: Thursday, December 4.*

Nov. Term, next term the .injunction was dissolved. The cause was con-
1845.      tinued from term to term, until the *October* term, 1844. In
VANEMAN    the vacation of the preceding term, the complainant dismissed
v.         his bill in the clerk's office. At the last-named term the
FAIRBROTHER. complainant, having paid the costs, moved the Court to dis-
.miss the bill "without prejudice." The Court refused to
permit it to be dismissed with that qualification, but dismiss-
ed it "with prejudice." The complainant prosecutes this
writ of error, and contends that it was erroneous not to dis-
miss the cause in the form asked for by him.

There is nothing in our statutes on the subject of dismiss-
ing a bill in chancery, either in term or vacation, except a
provision that, when a decree shall have been reversed by
this Court and remanded to the Court below with instruc-
tions, the complainant may, nevertheless, dismiss his bill in
that Court, upon the payment of costs, without prejudice to
his legal or equitable rights. R. S. 1843, p. 635. The dis-
missal of the bill in the clerk's office, therefore, was unautho-
rized, and .amounts to nothing.

But, independently of any statutory provision, a plaintiff
in equity has absolute control over the suit until the decree,
and may, previously to that event, dismiss his bill in Court at
his pleasure. 1 Smith's Ch. Pr. 312. — *Handford* v. *Storie*, 2
Sim. & Stu. 196. But such dismission does not operate like
a decree of dismission on final hearing, and cannot be plead-
ed in the same manner; it operates only in the nature of a
nonsuit at law, and does not bar other proceedings for the
same cause, either at law or in chancery. 1 Smith's Ch. Pr.
334. — *Brandlyn* v. *Ord*, 1 Atk. 571. — *Countess of Plymouth*
v. *Bladon*, 2 Vern. 32. Such a dismission is all that the re-
cord shows in the present case. Had the order of dismission
contained the words "without prejudice," as desired by the
complainant, it would have afforded no more security to his
rights than it would without them; and the insertion of the
words "with prejudice," as insisted on by the Court, does
not render the order of dismission peremptory, like a decree
of dismission on the merits. Either set of words is unmean-
ing in an order of dismissal, on the motion of the complainant,
· without a final hearing, as it would have been, had the cause

been dismissed on motion of the defendants, for want of prosecution.

It follows, that this Court has no jurisdiction of the cause. There was no decree, interlocutory or final, on which to found a writ of error. A plaintiff in equity can no more prosecute a writ of error upon an order of dismission of the bill procured on his own motion, than could a plaintiff at law upon his own voluntary nonsuit.

*Per Curiam.*—The suit is dismissed for want of jurisdiction.

*D. D. Pratt,* for the plaintiff.

*J. W. Chapman, A. L. Osborn,* and *J. B. Niles,* for the defendants.