(No. 21246.— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

THE FIRST NATIONAL BANK OF KEWANEE, Defendant in Error, *vs.* THE UNION STATE SAVINGS BANK AND TRUST COMPANY, Plaintiff in Error.

*Opinion filed October 22, 1932.*

THOMAS J. WELCH, and VERA M. BINKS, for plaintiff in error.

STURTZ & EWAN, (MARTIN E. O'CONNOR, of counsel,) for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

This court granted *certiorari* to review the action of the Appellate Court for the Second District in affirming a judgment of the city court of Kewanee in an action of replevin. Petitioner perfected its appeal to the Appellate Court and filed the transcript and abstract of the record within the time provided by the rules of that court but failed to file copies of its brief and argument within the time prescribed by the rules, and also failed to obtain an extension of time for that purpose. On October 1, 1931, respondent filed its motion to affirm the judgment for failure of petitioner to file briefs and arguments. On October 5 petitioner's motion

for leave to file briefs and arguments instanter was filed and denied. On October 12, three days before the case was reached on the call, petitioner filed a motion to dismiss the appeal. On October 13 this motion was denied, and on October 15 the Appellate Court affirmed the judgment of the city court of Kewanee for failure of appellant to file its briefs and arguments as required by the rules of that court. No decision was rendered on the merits of the case, and the sole question presented is whether the Appellate Court erred in not allowing the motion for dismissal of the appeal.

By numerous decisions this court has held that no right is more clearly established than that of an appellant to dismiss his appeal, regardless of the protest of the appellee. (*Vincent* v. *McElvain,* 304 Ill. 160; *Field* v. *Kenneweg,* 218 id. 366; *Granat* v. *Kruse,* 213 id. 328; *Maplewood Coal Co.* v. *Phillips,* 206 id. 451.) The appellant in an appeal and the plaintiff in error in a writ of error may always dismiss the appeal or writ before a decision on the merits, and the effect of such dismissal is to leave the parties where they were before the appeal was taken or the writ of error brought. *Hancock County* v. *Marsh,* 2 Scam. 491; Dodd & Edmunds on Appellate Court Procedure, sec. 1182; Quindry on Appellate Court Practice, chap. 3, sec. 7, p. 76.

In the light of these authorities the action of the Appellate Court in denying the motion of appellant to dismiss the appeal was clearly erroneous. Its judgment is therefore reversed and the cause is remanded to that court, with directions to grant the motion to dismiss the appeal.

*Reversed and remanded, with directions.*