(No. 28606.—

THE PEOPLE *ex rel.* Walter W. Waite, Petitioner, *vs.* GEORGE W. BRISTOW *et al.,* Respondents.

*Opinion filed May 23, 1945—Rehearing denied September 20, 1945.*

Gunn and Stone, JJ., dissenting.

Joe Crain, of Mound City, and Asa J. Wilbourn, of Cairo, for petitioner.

Henry I. Green, and Oris Barth, both of Urbana, and Wham & Wham, of Centralia, (F. M. Nash, of Bradford, Pa., of counsel,) for respondents.

Mr. Justice Smith delivered the opinion of the court:

On motion, we granted petitioner leave to file an original petition for a writ of *mandamus*. The respondents are the judges of the Appellate Court for the Fourth District. The prayer of the petition is that the writ of *mandamus* issue commanding the respondents to expunge from the records of that court an order entered on October 25, 1944, in the case of Bradford Supply Co. Inc., Appellant, v. R. G. Williams (Walter W. Waite, Appellee.)

Respondents filed their joint answer to the petition, to which the petitioner filed a demurrer. The issues were ordered closed and the cause was taken on the issues of law raised by the demurrer to the answer. The demurrer admits the facts well pleaded in the answer. It does not, of course, admit argumentative statements or conclusions.

From the facts alleged in the answer, it appears that on October 27, 1943, there was pending in the circuit court of Pulaski county a certain suit entitled as above stated. The suit was brought to foreclose a materialman's lien on certain oil-well equipment, furnished by Bradford Supply Co., Inc., to R. G. Williams. Walter W. Waite was named a defendant in said suit. He appeared and filed an answer.

He also filed a counterclaim at law seeking the recovery of damages from Bradford Supply Co., Inc. By agreement of the parties, the court ordered the cause of action at law on the counterclaim tried separately from the other issues in the case. It was tried before a jury. On October 28, 1943, the jury returned a verdict in favor of the counterclaimant. On November 9, 1943, the court heard and denied alternative motions for a new trial and for judgment notwithstanding the verdict. The court rendered judgment on the verdict on the counterclaim, in favor of the counterclaimant and against Bradford Supply Co., Inc. These orders were all properly entered in the judge's minutes.

Notice of appeal was filed by Bradford Supply Co., Inc., and the appeal was timely perfected to the Appellate Court for the Fourth District. A *supersedeas* bond was filed in accordance with the order of the circuit court fixing the amount of such bond. A transcript of the record was filed in the Appellate Court on January 26, 1944. The cause was regularly placed on the docket of that court.

On February 4, 1944, Bradford Supply Co., Inc., the appellant in said cause, filed its motion to dismiss the appeal, without prejudice. This motion was as follows:

"Now comes the appellant, Bradford Supply Company, Inc., a corporation, by M. E. Cox and W. A. McCarty, its attorneys, and shows unto this Court that the transcript of the record heretofore filed herein, as prepared and certified by the Clerk of the Circuit Court of Pulaski County, Illinois, does not show any judgment, order or decree of record in the Clerk's office of records of said Court of Pulaski County; and said appeal has been prematurely brought and should be dismissed by this Court without prejudice," etc.

Shortly after said motion was filed, the appellee in said cause also filed a motion to dismiss the appeal. On February 23, 1944, the court entered the following order:

"And now on this day come again the said parties, and the Court having carefully examined Appellant's Motion to Dismiss Appeal Without Prejudice and Appellee's Motion to Dismiss Appeal, filed herein, and being now fully advised in the premises, It Is Hereby Ordered that the Motion to Dismiss Appeal Without Prejudice be and the same is hereby Allowed and leave given Appellant to Withdraw Record."

Thereafter, on May 22, 1944, the term of the Appellate Court at which the above order was entered was finally adjourned. On October 10, 1944, Bradford Supply Co., Inc., filed in said Appellate Court a motion in which it asked:

"(a) That the Court vacate the order entered herein by this Court on February 23, 1944, dismissing without prejudice the appeal herein; and

"(b) To reinstate said cause on the docket of this Court; and

"(c) For leave to the plaintiff to withdraw its motion to dismiss said appeal without prejudice; and

"(d) For a mandate to be issued by this Court, directed to the Clerk of the Circuit Court of Pulaski County, Illinois, commanding him to send up to this Court a completed supplemental transcript of the record in said Circuit Court in said cause, showing the actual date on which any purported judgment, order or decree was actually spread of record; and

"(e) That this Court fix the time within which to file abstracts, briefs and arguments upon said completed transscript of the record being received by the Clerk of this Court; and

"(f) For leave to prosecute appeal in said cause to this Court from the purported final decree or judgment entered in said cause as will appear from said completed transcript when filed herein; and

"(g) For supersedeas."

A motion was filed by the appellee to strike this motion. The two motions were heard together. They were argued orally and on suggestions of the parties. Thereafter, on October 25, 1944, the following order was entered by the court in said cause:

"And now on this day come again the said parties, and the Court having carefully examined the Appellant's Motion to Vacate Order, etc., and Appellees' Motion to Strike Motion to Vacate Order, etc., and Appellant's Reply to Suggestions, etc., and after hearing oral argument and being now fully advised in the premises, the following orders were entered as of record:

"1. The Motion to Strike is denied.

"2. The Motion to Reinstate Cause and for other relief is allowed in toto.

"Counsel for Appellant is advised to prepare an Order in harmony with these findings and to submit it to Judge Stone at Springfield, Illinois, which will carry the decision of the court."

On October 30, 1944, a more formal order signed by Judge Stone was filed in the cause. By this formal order the order of October 25 was somewhat elaborated upon. However, the formal order followed the order of October 25 and, in addition thereto, consisted chiefly of arguments in support of the order entered on October 25. The formal order filed on October 30, after reinstating the cause on the docket, in so far as material, is as follows:

"1. The order entered in said cause by this court on February 23, 1944, allowing the motion of appellant to dismiss without prejudice the appeal herein because the certified record filed by the Clerk of the Circuit Court of Pulaski County on said appeal did not then show the record of any judgment in favor of the said Walter W. Waite against the said Bradford Supply Company, Inc., and because at that time no such judgment had been spread

of record in said Pulaski County Circuit Court, be and the same is hereby vacated.

"2. The above entitled cause is hereby reinstated on the docket of this court, upon the transcript of record filed herein January 26, 1944, with leave to file supplemental transcript of record from said Circuit Court in said cause.

"3. Bradford Supply Company, Inc., be and it is hereby granted leave to withdraw its motion filed herein on January 26, 1944, to dismiss said appeal without prejudice, and withdraw the record then on file herein."

The order then provided that a mandate issue, directed to the clerk of the circuit court, commanding him to send up forthwith a supplemental transcript of the record in said cause, showing all proceedings since January 14, 1944, and other matters. It also granted a *supersedeas* and suspended all proceedings under said judgment upon the *supersedeas* bond theretofore filed by Bradford Supply Co., Inc., until the further order of the court. Paragraphs 6 and 7 of the formal order are as follows:

"6. Bradford Supply Company, Inc., appellant herein, is hereby given and granted leave to prosecute its appeal in said cause to this court from the final decree or judgment entered in said cause by the Circuit Court of Pulaski County, Illinois, as the same may appear from said completed transcript of the record in said Circuit Court in said cause, when filed herein.

"7. It Is Further Ordered that upon the filing of said completed supplemental transcript in said cause with the clerk of this court, said Bradford Supply Company, Inc., appellant, shall within twenty (20) days thereafter file herein abstracts of the original and supplemental transcript of record and its briefs in support of its appeal herein; and that within twenty (20) days from the filing of briefs for appellants in said cause, and service made in accordance with the rules of this court of copies of appel-

lant's abstracts and briefs on the attorneys of record for Walter W. Waite, appellee, the said appellee may file herein briefs for appellee, with leave to appellant to file reply brief within the time fixed by the rules of this court."

It is the order entered by the court on October 25, 1944, vacating the order of dismissal entered on February 23, 1944, and reinstating the cause on the docket of the Appellate Court, and the formal order signed by Judge Stone, filed in said cause on October 30, 1944, which the petitioner seeks to have expunged from the records of said court.

The parties agree that the sole question here involved is the jurisdiction of the Appellate Court to enter the order on October 25, 1944, vacating and setting aside its order entered on February 23, 1944, dismissing the appeal, on motion of the appellant. Both parties also recognize the rule, often announced by this court, that where the plaintiff voluntarily dismisses his suit the court has no power to set aside the order of dismissal and reinstate the cause, unless at the time the nonsuit is taken, leave is given to move to set aside the order of dismissal. *Bettenhausen* v. *Guenther,* 388 Ill. 487; *Davis* v. *Robinson,* 374 Ill. 553; *Weisguth* v. *Supreme Tribe of Ben Hur,* 272 Ill. 541; *Chicago Title & Trust Co.* v. *Tilton,* 256 Ill. 97.

Respondents, however, in an effort to sustain their action in setting aside the order of dismissal, point out that the dismissal was "without prejudice." They argue that the ground on which the appeal was dismissed was that there was no judgment written up by the clerk, shown in the transcript of the record on file; that by the insertion of the words "without prejudice" in the order of dismissal, the court reserved jurisdiction to reinstate the cause on the docket "if, as and when any judgment should be made to appear of record in the circuit court as having been entered prior to said order of dismissal of the appeal."

They further contend that the refusal of the court to dismiss the appeal generally, on the motion of the appellee, and by dismissing the appeal "without prejudice," on motion of appellant, the court reserved jurisdiction to review, on appeal, the record and action of the circuit court, after the judgment was written up by the clerk, on the appeal then pending.

They further contend that the words "without prejudice," in the order, must be interpreted in the light of the procedure leading up to the entry of the order. It is then pointed out that at the time the order was entered, two motions to dismiss the appeal were pending,—the motion of appellee to dismiss the appeal generally, and the motion of appellant to dismiss "without prejudice." In this connection respondents, in their answer; quote from the suggestions filed by counsel for the appellant in support of its motion to dismiss the appeal "without prejudice," wherein it was suggested: "It is believed that the best thing for all parties is to dismiss this case without prejudice to the rights of either party, and if and when the appellee gets his judgment on record, then the matter can be brought to the attention of the Court and the matter considered on its merits," and "In all fairness we think to all parties it should be dismissed without prejudice to any of them, and then the matter can be brought up to this Court when a final decree is entered and presented in the usual and regular way."

It is argued that this shows the intention with which the motion to dismiss "without prejudice" was filed, and the intention and purpose of the court in entering the order allowing said motion. We do not believe the intention and purpose of the action of the court in entering the order of dismissal can be determined in this manner. The intention of the court can only be determined from the order entered. The action of the court can only be

shown by its records. *People ex rel. Pirola* v. *Lyle*, 329 Ill. 418.

The order itself is clear and unambiguous. It does not admit of construction. The action of the court is clearly expressed in the language of the order. That language cannot be controlled by any intent or purpose which counsel for appellant had in mind, or which he urged in his suggestions in support of the motion to dismiss the appeal. The only question here is, What was the effect of the use, by the court, of the language contained in the order? The appeal, as the order clearly indicates, was dismissed "without prejudice." What do the words, "without prejudice," as used in the order, indicate? The phrase "without prejudice" is of ancient origin. It is often used in orders dismissing bills in equity. It is seldom, if ever, used in an order dismissing an action at law. All dismissals of actions at law are without prejudice. When so used, the words merely indicate that the suit is dismissed without a decision on the merits. In this State it has been held repeatedly that where a bill is dismissed without a hearing on the merits, it is wholly unnecessary that the order show that the dismissal was "without prejudice."

In *Bates* v. *Skidmore*, 170 Ill. 233, this court, after quoting from *Kempton* v. *Burgess*, 136 Mass. 192, said: "This authority certainly holds, that a dismissal of a bill by a complainant at his own costs at any time before hearing is the same as a dismissal of it 'without prejudice.' In *Vaneman* v. *Fairbrother*, 7 Blackf. 541, where a complainant in chancery moved the court to dismiss the bill 'without prejudice,' and the court refused so to dismiss the bill, but dismissed it 'with prejudice,' it was held that the dismissal would be no bar to another suit for the same cause; and it was there said, in the opinion deciding the case: 'Had the order of dismission contained the words, "without prejudice," as desired by the complainant, it would

have afforded no more security to his rights than it would without them; and the insertion of the words "with prejudice," as insisted on by the court, does not render the order of dismissal peremptory, like a decree of dismissal on the merits. Either set of words is unmeaning in an order of dismissal on the motion of the complainant without a final hearing, as it would have been, had the cause been dismissed on motion of the defendants for want of prosecution.' (1 Beach's Modern Eq. Pr. secs. 450, 463.)"

In *First National Bank* v. *Union State Bank and Trust Co.* 350 Ill. 21, we said: "By numerous decisions this court has held that no right is more clearly established than that of an appellant to dismiss his appeal, regardless of the protest of the appellee. (*Vincent* v. *McElvain,* 304 Ill. 160; *Field* v. *Kenneweg,* 218 id. 366; *Granat* v. *Kruse,* 213 id. 328; *Maplewood Coal Co.* v. *Phillips,* 206 id. 451.) The appellant in an appeal and the plaintiff in error in a writ of error may always dismiss the appeal or writ before a decision on the merits, and the effect of such dismissal is to leave the parties where they were before the appeal was taken or the writ of error brought. *Hancock County* v. *Marsh,* 2 Scam. 491; Dodds & Edmunds on Appellate Court Procedure, sec. 1182; Quindry on Appellate Court Practice, chap. 3, sec. 7, p. 76."

In *Weisguth* v. *Supreme Tribe of Ben Hur,* 272 Ill. 541, we find the following announcement: "In case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside. (*Barnes* v. *Barber,* 1 Gilm. 401; *Lombard* v. *Cheever,* 3 id. 469.) The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should

not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew."

In *Davis* v. *Robinson,* 374 Ill. 553, the same rule was announced in the following language: "By the dismissal of the former suit the parties were out of court and all further proceedings were unauthorized until the judgment of dismissal was vacated and the cause reinstated. (*Chicago Title and Trust Co.* v. *Tilton,* 256 Ill. 97.) The only recourse plaintiffs had thereafter was to bring a new action. (*Weisguth* v. *Supreme Tribe of Ben Hur,* 272 Ill. 541.) Defendants' pending motion to set aside the judgment of dismissal did not serve to keep the suit pending so that it could be pleaded as a pending action in this case. I Corpus Juris, 98."

In *Bettenhausen* v. *Guenther,* 388 Ill. 487, we said that where a party takes a voluntary nonsuit, the court has no further jurisdiction of the case and his only recourse is to begin his action anew.

The same rule applies to the dismissal of appeals. Where an appeal is voluntarily dismissed by the appellant, the effect is to remove the appeal and the cause from the docket and from the jurisdiction of the court. The only effect of including the words "without prejudice" in the order dismissing the appeal was to show that the judgment was neither affirmed nor reversed, nor the case decided on the merits. It left the appellant in the same position it was before the appeal was filed. The rights of the parties were in nowise affected by reason of the fact that the appeal had been taken and subsequently dismissed without prejudice. It left the judgment of the circuit court in full force and effect, the same as if no appeal had ever been taken. The appellant was free to perfect another appeal in any manner authorized by statute. If it failed to exercise or pursue that right, it was prejudiced, not by the order dismissing the appeal, but by its own inaction. The

judgment having been entered more than ninety days before the appeal was dismissed, the only right to appeal from the judgment at that time was by petition for leave to appeal under section 76 of the Civil Practice Act. The judgment was entered on November 9, 1943. The appeal was dismissed on February 23, 1944. Appellant, at the time the appeal was dismissed, still had more than eight months within which to file a petition for leave to appeal under said section of the Civil Practice Act. It had more than four months after the judgment was actually written up by the clerk, on June 13, 1944, in which to file a petition for leave to appeal. The answer shows that Bradford Supply Co., Inc., had notice that the clerk had entered the judgment on the record of the court on June 13, 1944, as early as July 1, 1944. By voluntarily dismissing its appeal, appellant must be held to have contemplated the effect and necessary result of such act. *Bettenhausen* v. *Guenther,* 388 Ill. 487.

When Bradford Supply Co., Inc., discovered that the transcript of the record, filed in the Appellate Court, showed that the judgment had not then been written up by the clerk, if it desired to have the Appellate Court retain jurisdiction of the appeal, the proper practice would have been to suggest a diminution of the record and ask for leave to supply the missing parts. In that event the consideration of the cause on appeal in the Appellate Court would have been stayed pending the completion of the record in the trial court and the filing of a supplemental transcript. This is the practice approved by this court in *People* v. *Blevins,* 251 Ill. 381. It could then have taken any necessary steps in the circuit court to compel the clerk of that court to perform the ministerial duty of writing the judgment on the records of the court, in accordance with the minutes of the court, and to certify a transcript thereof to the Appellate Court, as a part of the record on appeal. By following this recognized and proper practice,

the appeal would have remained on the docket and within the jurisdiction of the Appellate Court. Instead, it voluntarily dismissed the appeal. By so doing, the appeal was removed from the docket and from the jurisdiction of the court. It thereby lost the right of appeal entirely, except upon petition and leave granted under section 76 of the Civil Practice Act. .

But it is argued by respondents that the judgment was not actually written up by the clerk until June 13, 1944, which was nearly four months after the appeal was dismissed. Respondents refer to this judgment, as written up by the clerk, as a *nunc pro tunc* judgment, entered on June 13, 1944, as of November 9, 1943. It was not a *nunc pro tunc* judgment. The judgment was rendered on November 9, 1943, and properly entered in the minutes of the court on that date. All that remained was for the clerk to write up the formal judgment in the record. The minutes of the court contained ample authority for the clerk to write up the formal judgment as finally written up by him. When so written up by the clerk, it was the judgment of the court, entered on November 9, 1943. It was not, in any sense, a *nunc pro tunc* judgment. (*People ex rel. Holbrook* v. *Petit,* 266 Ill. 628.) The entry of the judgment on the record was the ministerial act of the clerk, which the statute required him to perform "as soon after the rendition or making thereof as practicable." (Ill. Rev. Stat. 1943, chap. 25, par. 14.) The failure of the clerk to perform the duty imposed on him by law had no effect on the judgment. (*People ex rel. Holbrook* v. *Petit,* 266 Ill. 628.) The court, of which he was clerk, had the power to compel him to discharge his duty and write up the formal judgment at any time after the pronouncement was entered in the judge's minutes. A judgment exists from the time the court acts, even though it may not have been formally written on the record by the clerk. The statute contemplates that judgments will not

be written by the clerk during the term of court at which they are rendered. *People ex rel. Holbrook* v. *Petit,* 266 Ill. 628.

The power of the Appellate Court to take any action or enter any orders in the cause expired with the entry of the order of dismissal, except during the term at which such order was entered. After the expiration of that term, it had no power or jurisdiction to change, modify, vacate or set aside that order. The fact that the transcript was not actually withdrawn from the office of the clerk did not change or stay the order of dismissal. Nor had the Appellate Court inherent power to vacate the order of dismissal after the term at which such order was entered. In *Watkins* v. *Dunbar,* 318 Ill. 174, it was said: "The power is inherent in every court while the subject of controversy is in its custody, either in the first instance or when remanded to it by an appellate tribunal and while the parties are before it, to correct its errors and to restore, so far as possible, the parties to their former position, (*Northwestern Fuel Co.* v. *Brock,* 139 U. S. 216, 11 Sup. Ct. 523,) but the power to make a valid order cannot survive the loss of jurisdiction." The same principle was announced in *People ex rel. Carr* v. *Psi Upsilon Fraternity,* 320 Ill. 326, and in *Village of North Chicago* v. *American Steel and Wire Co.* 221 Ill. 539.

In *Unbehahn* v. *Fader,* 319 Ill. 250, it was said: "The general rule is, that courts, while a cause is pending and the parties before them, have control over the record and proceedings in the cause, and that they have jurisdiction over their judgments and final orders of a pending term, and may during the term, or while the cause is pending and the parties in court, for cause appearing, amend or set them aside. After the expiration of the term, unless the cause is still pending and the parties are in court, their power over the record is confined to errors and mistakes of their officers, and these may at any time, upon notice

to the parties in interest and saving such rights as in the interval of time may have accrued to third persons, be corrected so as to make the record conform to the action or judgment of the court. *Coughran* v. *Gutcheus,* 18 Ill. 390; *Dunham* v. *South Park Comrs.* 87 id. 185."

It is next contended that the motion to vacate the order of dismissal should be treated as a motion in the nature of a writ of error *coram nobis,* under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1943, chap. 110, par. 196.) Petitioner contends that inasmuch as a proceeding under said section is an original suit, (*Christian* v. *Smirinotis,* 388 Ill. 73; *People* v. *Cohen,* 376 Ill. 382; *Central Bond and Mortgage Co.* v. *Roeser,* 323 Ill. 90; *Harris* v. *Chicago House Wrecking Co.* 314 Ill. 500,) it can only be availed of in a court of original jurisdiction; that an appellate court cannot exercise original jurisdiction (*Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155; *Goodrich* v. *Sprague,* 376 Ill. 80,) and, consequently, may not entertain jurisdiction of a motion under section 72 of the Civil Practice Act. This court has never passed upon the question of the jurisdiction of a court of review to entertain a motion in the nature of a writ of error *coram nobis.* We find it unnecessary to decide that question in this case. We do not think the motion of appellant to vacate the order dismissing the appeal can be considered as a motion of that kind.

The operation and effect of the motion substituted by said section of the Civil Practice Act for the ancient common-law writ of error *coram nobis* is no different from the operation and effect of the common-law writ itself. In *Jacobson* v. *Ashkinaze,* 337 Ill. 141, it was said: "The purpose of the writ *coram nobis* at common law, and of the statutory motion substituted for it in this State, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time

the judgment was rendered, would have prevented its rendition. Illustrations of such matters are the disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts in the case. The motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. [Citations.] The essentials of the proceeding under the statute are the same as they were at common law." The use of the statutory motion is expressly so limited by the statute creating the right. Ill. Rev. Stat. 1943, chap. 110, par. 196.

In *Marabia* v. *Thompson Hospital,* 309 Ill. 147, the purpose of the common-law writ was defined as follows: "The errors which may be corrected by the court upon a motion of this kind are such errors in fact as could have been corrected by a writ of error *coram nobis* at common law. This writ was allowed at common law for the purpose of revoking a judgment for some error in point of fact, and not in point of law, not appearing on the face of the record, as where the defendant, being a minor, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit or died before judgment, or for some error in the process, or through the default of the clerk."

In *People ex rel. O'Connell* v. *Noonan,* 276 Ill. 430, it was said: " 'The office of the writ of *coram nobis* is to bring the attention of the court to and obtain relief from errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common law disability still exists; or insanity, it seems, at the time of the trial; or a valid

defense existing in the facts of the case, but which, without negligence on the part of the defendant, was not made, either through duress or fraud or excusable mistake, these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned.' "

In *Jerome* v. *Quincy Street Bldg. Corp.* 385 Ill. 524, the scope of inquiry on such motion was defined as follows: "It will be observed that the scope of inquiry on such a motion is limited to errors in fact, not appearing on the face of the record, committed in the proceeding, which errors in fact could have been inquired into by the common-law writ of error *coram nobis*. In illustrating the questions of fact that were subject to inquiry under such a motion, this court has in various cases referred to matters such as disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and where a defendant who was not negligent but was, through fraud, duress or excusable mistake, prevented from interposing a valid defense existing in the facts in the case."

In *Chapman* v. *North American Ins. Co.* 292 Ill. 179, it was pointed out: "At common law the writ of error *coram nobis* could be sued out of the same court when a judgment at law was rendered to reverse the judgment, and before the same judge who rendered the judgment, for an error of fact that might be brought to the knowledge of the court that would be sufficient, of itself, to defeat the judgment. Such error of fact which may be assigned under such writ, or by motion under section 89 of our Practice act, which is controlled by similar rules, must be some fact unknown to the court at the time judgment was rendered, as well as one which would have precluded the rendition of the judgment."

In *Collins* v. *State of Kansas,* 66 Kans. 201, 60 L.R.A. 572, the court, in speaking of the common-law writ of

*coram nobis,* said: "The unvarying test of the writ of *coram nobis* is mistake or lack of knowledge of facts inhering in the judgment itself. It has never been granted to relieve from consequences arising subsequently to the judgment."

Here, there were no facts of which the court did not have knowledge from the record itself, inhering in the order or judgment of dismissal. We have searched the briefs of respondents in vain for any fact pointed out, inhering in the order of dismissal, which was unknown to the court from the record before it. It is said in the argument that there is no claim that the Appellate Court considered any error of law in reinstating the appeal on its docket. But it is not what questions the court considered in reinstating the appeal. The only questions which could be considered by the court, on a motion in the nature of a writ of error *coram nobis,* were questions of fact inhering in the judgment sought to be vacated. There was no error of fact in the transcript of the record before the court at the time the order of dismissal was entered.

It is urged by respondents that there was no final judgment written up by the clerk, appearing in the record of the circuit court of Pulaski county. But it is conceded that the transcript on file showed that no such judgment had been written up by the clerk. It must be further conceded that the transcript before the court did correctly show the minutes of the trial judge, showing the rendition of the judgment on November 9, 1943, from which the clerk could write up the judgment at any time. The only fact pointed out is that the clerk of the circuit court had not at that time performed his ministerial duty of entering the formal judgment on the record of the circuit court. It is conceded that the transcript on file in the Appellate Court at the time the order of dismissal was entered showed this failure of the clerk. But it is argued that

there was no way of knowing at that time whether, or when, any such final judgment might be written by the clerk in the record of the circuit court, and that there was no way of supplying such judgment in the transcript by suggesting a diminution of the record. This is clearly a misapprehension. We have already pointed out that upon suggestion of a diminution of the record, and on motion for leave to supply, appellant could have taken the necessary steps in the circuit court to compel the clerk to complete the record and certify a supplemental transcript showing the judgment and completed record.

It is not claimed by respondents that all of these facts were not known and definitely shown by the transcript of the record on file in the Appellate Court when the order of dismissal was entered. It is admitted that said transcript was a correct transcript of the record of the circuit court as it existed at the time the order of dismissal was entered. The fact that the circuit clerk thereafter completed the record by entering the formal judgment on the record does not show that the transcript was not a correct transcript of the record as it existed at the time the order of dismissal was entered. The failure of the clerk to complete the record by the entry of the formal judgment was a fact known to the Appellate Court and which appeared from the transcript on file. There was no fact relating to the record of the trial court which was unknown to the Appellate Court at the time the order of dismissal was entered and which, if it had been known, would have prevented the court from entering that order.

We have already pointed out that Bradford Supply Co., Inc., had an absolute right to dismiss its appeal, either with or without advancing any cause for such action. The order of dismissal which, it is claimed on behalf of respondents, they had the right to vacate after the expiration of the term at which it was entered, on a motion in the

nature of a common-law writ of error *coram nobis,* was simply an order granting appellant's motion to dismiss the appeal. The only question of fact entering into the action of the court, or inhering in the order, was the fact that appellant had moved for the dismissal of the appeal, which it had a perfect right to do. This was the only fact considered or which was necessary or proper to be considered by the court in ruling on the motion. Any other fact appearing either in the record or *dehors* the record would not be a fact unknown to the court, which, had it been known, would have prevented the entry of the order of dismissal.

But, even if we go further, and consider the facts shown by the record on file, and the facts exising *dehors* that record, the case is no better for respondents. The record on file spoke the truth at the time the order of dismissal was entered. It showed that on November 9, 1943, the court, by an announcement properly entered in the judge's minutes, overruled the motions for a new trial and for judgment *non obstante veredicto.* This action of the court was entered on its minutes. The minutes further show that judgment was entered on the verdict, in favor of counterclaimant and against the defendant in the counterclaim. There is no contention that the transcript of the record of the circuit court on file in the Appellate Court, at the time the dismissal order was entered, was not a true and complete record of the proceedings in the circuit court up to that time. There were no facts existing at that time relating to the proceedings which were not correctly shown by the transcript. Moreover, the transcript showed that while the judgment was rendered on November 9, 1943, the clerk had not yet performed the ministerial duty of writing the formal judgment on the records of the court. The only unknown fact suggested is that the clerk thereafter performed the ministerial duty of

entering the formal judgment on the record of the court after the appeal had been dismissed. It is suggested that this action of the clerk rendered the transcript on file in the Appellate Court, at the time the appeal was dismissed, an incorrect transcript of the record of the circuit court, not as that record was at the time the appeal was dismissed, but as it was after the formal judgment was entered by the clerk, nearly four months after the appeal was dismissed. Where it is conceded, and the record shows, that the transcript of the record on file in the Appellate Court was a correct transcript of the record of the circuit court, at the time the appeal was dismissed, any additional fact thereafter made to appear in the circuit court record cannot be regarded as a fact unknown to the Appellate Court which was inherent in its order dismissing the appeal.

In the reports of this court and of the Appellate Courts of this State will be found many cases where appeals have been dismissed because the transcript of the record of the court from which the appeal was taken failed to show a formal judgment entered on the record by the clerk, and showed only the minutes entered on the docket by the trial judge. If the rule contended for was sound in any such case, all the losing party would have to do would be to have the judgment written up on the record by the clerk after the appeal was dismissed. He could then proceed to have the judgment dismissing the appeal vacated by a motion under section 72 of the Civil Practice Act. This would be on the theory here advanced that the record before the court of review, when the appeal was dismissed, was not a correct transcript of the trial court record because it did not show a fact appearing in that record for the first time after the appeal was dismissed. The contention is as unsound as it is illogical. It cannot be accepted.

It follows that, regardless of the question whether a court of review may entertain a motion under section 72 of the Civil Practice Act, the motion here involved wholly failed to set up any fact, unknown to the court, inhering in the order of dismissal, which would constitute a basis for a writ of error *coram nobis* at the common law.

By their answer, respondents allege that Bradford Supply Co., Inc., had the lawful right to perfect and prosecute an appeal from the judgment entered "on June 13, 1944, *nunc pro tunc* as of November 9, 1943." The answer then further alleges: "The petition for leave to appeal from said *nunc pro tunc* judgment was on October 10, 1944, presented to and filed with the Appellate Court for the Fourth District, being within twelve (12) months from the date said judgment was actually entered of record and within twelve (12) months from the *nunc pro tunc* date thereof, to wit: November 9, 1943. The said petition for leave to appeal was filed to the first term of the Appellate Court for the Fourth District following June 13, 1944, on which date the *nunc pro tunc* judgment order as of November 9, 1943, was entered in the records of said Circuit Court."

We have already pointed out the fact that this was not a *nunc pro tunc* judgment. This contention is not argued in the briefs and might properly be considered as waived under the rule. However, inasmuch as there are some vague references to the point in the argument, we will treat the question as properly presented.

The right of appeal is purely statutory. The right must be availed of in strict conformity with the statute. (*Johnson* v. *County of Cook,* 368 Ill. 160; *People ex rel. Bender* v. *Davis,* 365 Ill. 389.) Section 76 of the Civil Practice Act provides that notice of appeal may be filed after the expiration of ninety days from the date on which the judgment is entered and within a period of one year

by order of the reviewing court, upon motion and notice to adverse parties and upon a·showing by affidavit that there is merit in appellant's claim for an appeal, and that the delay was not due to appellant's culpable negligence. Ill. Rev. Stat. 1943, chap. 110, par. 200.

The motion filed to vacate the order of dismissal did not, in any sense, comply with the statute as a petition for leave to appeal after ninety days from the date the judgment was entered and within twelve months from such date. The only thing it asked was leave to prosecute the former appeal. It asked that the former appeal be reinstated. It contained no prayer for leave to appeal. It did not comply with said section 76. The order granting the motion makes no reference to a notice of appeal. Both the motion and the order entered on the motion were to vacate the former order dismissing the appeal and to "reinstate said cause on the docket," on the transcript filed on January 26, 1944. The formal order then inconsistently gives the appellant leave to withdraw that record. It then grants to the appellant the right to prosecute "its appeal" from the final "decree or judgment entered in said cause * * * as the same may appear"·from the completed transcript, when filed. If the motion should be treated as a petition for leave to appeal, was it a petition for leave to appeal from the decree foreclosing the materialman's lien or from the judgment at law on the counterclaim? They were both a part of the record in the case. Both the motion and the order were wholly lacking in specifying the judgment to be appealed from. The motion was not accompanied by a notice of appeal, as required by Rule 29. The order did not "fix the time for the filing * * * of the notice of appeal," as required by section 76 of the Civil Practice Act.

An examination of the motion discloses that it was not intended as a petition for leave to appeal, and that it was

not so regarded, either by the parties or by the court. It could not possibly be so construed or treated.

All other contentions made on behalf of respondents have been given careful consideration commensurable with the importance of the case and the questions involved. All the cases cited have been carefully considered and analyzed. To extend this opinion for the purpose of discussing and distinguishing those cases would serve no useful purpose. It is sufficient to say that when those cases are considered in connection with the facts in this case, they do not sustain the contentions made, nor are they in conflict with the views herein expressed.

Respondents, as judges of the Appellate Court for the Fourth District, had no jurisdiction or authority to enter the orders vacating the order dismissing the appeal, which was entered at a prior term, or to reinstate the appeal on the docket of said court. The orders complained of were *coram non judice,* and should be expunged from the records of the court.

The writ of *mandamus* is awarded, as prayed.

*Writ awarded.*

Mr. JUSTICE GUNN, dissenting:

I dissent from the majority opinion. This is a *mandamus* suit to compel the Appellate Court to expunge an order entered by it. *Mandamus* will never lie to control judicial discretion of a judge, whether the case be decided rightly or wrongly. (*People ex rel. Briggs & Turivas* v. *Cook,* 311 Ill. 429; *People ex rel. Waver* v. *Wells,* 255 Ill. 450; *People ex rel. Brown* v. *Gibbons,* 161 Ill. 510.) The majority opinion disposes of the case as though the only question in it was whether the Appellate Court properly set aside its order entered at the February term, 1944, and gave leave at the succeeding term in May, 1944, to reinstate the cause upon the docket. I do not fully agree

with the court in its conclusion upon this question. However, the opinion completely fails to pass upon the fact that a separate appeal was prayed and allowed by the Appellate Court. This prayer for leave to appeal was contained in the same paper containing the motion to reinstate the former appeal, and the order allowing the appeal was in the same order reinstating the first appeal.

Section 76 of the Civil Practice Act (Ill. Rev. Stat. 1943, chap. 110, par. 200,) was amended in 1941, and now provides that the right to appeal is not exhausted by filing notice of appeal in the trial court. It also provides "The fact that appellant may have filed a notice of appeal prior to the filing of his motion for leave to appeal shall not deprive the reviewing court of the power in its discretion to grant leave to appeal." In this case the prior notice of appeal was filed in the circuit court, and upon application of the appellant was dismissed without prejudice. When the motion to reinstate this appeal was filed it contained also this specific prayer: "(f) For leave to prosecute appeal in said cause to this court from the purported final decree or judgment entered in said cause, as will appear from said completed transcript when filed herein." The order entered by the court on this portion of the prayer was: "6. Bradford Supply Company, Inc., appellant herein, is hereby given and granted leave to prosecute its appeal in said cause to this court from the final decree or judgment entered in said cause by the circuit court of Pulaski County, Illinois, as the same may appear from said completed transcript of the record in said Circuit Court in said cause, when filed herein."

It thus clearly appears that the respondents entertained a petition for leave to appeal after a prior notice of appeal had been given in the circuit court, and also allowed such appeal. Under the statute the Appellate Court had jurisdiction to do this. Whether the respondents properly decided that the appellants were not guilty of culpable neg-

.ligence is wholly beside the question. If this question was decided erroneously it is an error of law, not want of jurisdiction. We have authority to expunge an order of an inferior court only for want of jurisdiction. *People ex rel. Courtney* v. *Prystalski,* 358 Ill. 198; *People ex rel. Lax* v. *Ehler,* 353 Ill. 595; *People ex rel. Cassidy* v. *Fisher,* 372 Ill. 146.

It has been held that the Appellate Court has no power to require a municipal court to expunge matters from the record which are improper but which do not affect the jurisdiction of the Appellate Court, (*People ex rel. Finn* v. *David,* 328 Ill. 231,) nor to compel the Appellate Court to expunge an order where it is claimed that constitutional questions were involved, where it appeared said claim was without merit or the questions raised moot. (*People ex rel. Village of Westchester* v. *O'Connor,* 378 Ill. 249.) And it seems to me that the majority opinion in holding that the Appellate Court was without jurisdiction to reinstate the appeal taken upon notice from the circuit court has in effect held that the Appellate Court was without jurisdiction to entertain a petition for appeal and grant the same within one year, as provided by the express language of the statute.

The Appellate Court did have jurisdiction to entertain another appeal within the year under section 76 of the Civil Practice Act. The petition for such second appeal and the order allowing same were entered within the one-year period. In *O'Brien* v. *People ex rel. Kellogg Switchboard and Supply Co.* 216 Ill. 354, this court defined what constitutes jurisdiction in the following language: "Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit. If the law confers the power to render a judgment or decree, then the court has jurisdiction. [Citations.] Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the

court, but jurisdiction of the class of cases to which the particular case belongs. [Citations.] * * * Jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous decision, however erroneous that decision may be. [Citations.]" The definition of jurisdiction as set out in the *O'Brien case* has been followed many times by this court.

Applying it to the situation before us, petition was made to the Appellate Court to allow an appeal within the year. An order was made by the Appellate Court allowing that appeal. Coupled with this petition and order, the Appellate Court did other things which the majority opinion says was beyond its jurisdiction. If it be assumed it is correct in this respect, should it expunge also a petition and order within its jurisdiction? It may be that the respondents did not recite or set forth all of the matters which section 76 requires an appellant to do, but if it is defective in this respect it is merely an error of law, subject to be corrected by this court. The case comes within that part of the *O'Brien case* wherein we said that "Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but *jurisdiction of the class of cases to which the particular case belongs.*" The order which the majority opinion requires to be expunged includes matter which the statute provides belongs to the class of cases to which the particular matter in this case belongs, *viz.,*—a right to petition for an appeal to the Appellate Court, if the first appeal from the circuit court is defective or otherwise void.

No authority has been cited authorizing a part of an order of an inferior court to be expunged; nor would it be of any consequence, because if the Appellate Court had authority to grant the second appeal of its own motion upon petition it would not be material whether the appeal, perfected by a notice in the circuit court, was effective or not. I think the Appellate Court had full jurisdiction to

act upon this second matter, and its effectiveness was not controlled or affected by its power or lack of power to reinstate the former appeal, and therefore the majority opinion is in this respect erroneous.

I also am of the opinion that it was within the power of the Appellate Court to construe its former order allowing the dismissal of the first appeal without prejudice. Section 9 of the Appellate Court Act (Ill. Rev. Stat. 1943, chap. 37, par. 33,) provides: "The said appellate courts shall be vested with all power and authority necessary to carry into complete execution all their judgments, decrees and determinations in all matters within their jurisdiction." It is to be noticed that this gives power over matters that are not included within judgments or decrees. In this case it comes within the specification "determinations," since it was a dismissal without prejudice.

The Appellate Court entered an order—it had the facts before it—and if any question of its meaning arose, it had the right to interpret its own order. And in this respect I think the language of the court in the case of *The Palmyra, Escurra, Master,* 12 Wheaton, 1, 6 L.ed. 531, is clearly applicable. In that case the Supreme Court of the United States says: "The difference between a new appeal, and a reinstatement of the old appeal, after a dismissal from a misprision of the clerk, is not admitted by this court justly to involve any difference of right as to the stipulators. Every court must be presumed to exercise those powers belonging to it which are necessary for the promotion of public justice; and we do not doubt that this court possesses the power to reinstate any cause dismissed by mistake." In that case it was a mistake; in this case it was necessary because of the misprision of the clerk in failing to enter the judgment. And in this connection it should be noted that the statute provides that the appeal shall be taken from the *entry* of the judgment, and not from the *rendition* of the judgment.

Many things are said in the opinion about the fact that the judgment was rendered when the court announced it, and with this I fully agree, but that does not eliminate the distinction between the *rendition* and the *entry*. The one is the act of the court, and the other the act of the clerk. (*Blatchford* v. *Newberry*, 100 Ill. 484.) But when the court undertook to order that the judgment be considered as of the date he pronounced or rendered it he did not in any way affect the time when the clerk entered it. When the judgment is rendered, it is the duty of the clerk promptly to enter it in the records. Until he does enter it in the records, time does not run against an appeal, and therefore the discussion about the time of the rendition of the judgment has no bearing upon rights of parties which depend upon the performance of the duties of the clerk to enter a judgment.

I am therefore of the opinion that the conclusion reached by the majority of the court is wrong both in respect to employing a writ of *mandamus* to expunge an order entered in the discretion of the Appellate Court, and also in holding that the court had no jurisdiction to construe its own determination. Section 4 of the Civil Practice Act (Ill. Rev. Stat. 1943, chap. 110, par. 128,) specifically provides: "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act or to the rules made pursuant thereto." It seems to me that this salutary rule for the construction of the Civil Practice Act has not been observed.

Mr. JUSTICE STONE, also dissenting.