2023 IL App (1st) 1221259

FIFTH DIVISION
June 23, 2023

No. 1-22-1259

**NOTICE:**  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| 365 GROUP INC., an Illinois corporation, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No. 21 L 4653 |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | Honorable |
| Defendant-Appellee. | ) | James Snyder, |
| | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Mitchell and Lyle concurred in the judgment.

**ORDER**

¶ 1   *Held:*   We dismiss this appeal for lack of jurisdiction. The appellant voluntarily dismissed its first, and timely, appeal of the dismissal order, and it could not revive that appeal by filing a second, untimely, notice of appeal.

¶ 2                                BACKGROUND

¶ 3   The plaintiff-appellant, 365 Group Inc., sued its bank, JPMorgan Chase (Chase), alleging that Chase improperly withheld about $60,000 from its bank account. The circuit court of Cook

County dismissed 365 Group's second amended complaint with prejudice. Numerous procedural mishaps happened along the way. In sum, we dismiss this appeal for lack of jurisdiction.

¶ 4                                                   FACTS

¶ 5       365 Group's second amended complaint (complaint) against Chase is the operative complaint for the purposes of this appeal. The complaint pleaded three counts: Count I, breach of contract; Count II, conversion; and Count III, unjust enrichment. All counts were based on the same underlying facts. 365 Group alleged that it was a Chase account holder. On August 6, 2020, Susan Heiber, a Recovery Investigator for Chase, sent 365 Group a letter stating in pertinent part: "Based on fraudulent activity on your deposit account, we debited $60,630.50 from your account ending in 9763 for money you owe. We also restricted and may be closing your account(s)." In its complaint, 365 Group noted that it believed Chase's actions were related to the actions of a company named BBX Logistics, whom Chase might have believed had some relationship to 365 Group.

¶ 6       Chase moved to dismiss the complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure (Code), 735 ILCS 5/2-615 (West 2020). On January 14, 2022, when Chase first presented the motion, 365 Group did not appear. The court granted the motion without briefing or argument, and dismissed the complaint with prejudice. At this point, the court had granted two previous section 2-615 motions to dismiss with leave to amend, each after full briefing.

¶ 7       On January 26, 365 Group filed a "motion to clarify" the January 14 order, stating that its counsel had contacted Chase's counsel by voice mail to say that he had a scheduling conflict and was requesting that Chase have the court enter a briefing schedule on the motion. In this motion, 365 Group asked the court to explain why it granted the motion to dismiss without briefing or argument, but did not request that the court actually vacate the dismissal order.

¶ 8     On February 14, 365 Group filed a virtually identical motion to its motion to clarify, titled a "motion for clarification and reconsideration," which only differed in that it specifically requested that the court reconsider the dismissal order.

¶ 9     Chase responded to the motions, arguing that the court's standing orders permitted it to grant the motion to dismiss without briefing or argument. On February 28, the court denied what is characterized as "the motion to reconsider."

¶ 10     On March 28, 365 Group filed a notice of appeal, seeking review of the January 14 dismissal order. That notice of appeal was docketed in this court as docket no. 1-22-0442, and was randomly assigned to this court's Third Division for motion purposes (the first appeal).

¶ 11     The filing of the notice of appeal did not halt proceedings in the circuit court. On April 25, 365 Group filed a motion for approval of a bystander's report pursuant to Illinois Supreme Court Rule 323(c) (eff. July 1, 2017), which was set for hearing on May 11. On May 10, Chase filed an agreed statement of facts and bystander's report.

¶ 12     On May 11, while the first appeal of the January 14 dismissal order remained pending in this court, the circuit court entered an order which vacated the dismissal order *sua sponte* and set a briefing and discovery schedule on the complaint.

¶ 13     On May 16, Chase filed a motion to vacate the May 11 order, arguing that it was void for lack of jurisdiction. Chase argued that the circuit court had no jurisdiction to vacate the original dismissal order because 365 Group filed a valid and timely notice of appeal of that order, and jurisdiction regarding it had lodged in this court. On July 25, the circuit court granted Chase's motion, noting the pending appeal. The court further noted that it granted Chase's motion to dismiss the complaint without a hearing because 365 Group had not appeared when it presented that motion.

¶ 14 At this point, we must briefly digress to describe what was happening in this court. On May 13, 365 Group filed a motion in this court on the first appeal. In that motion, 365 Group requested that this court dismiss the first appeal "without prejudice" because the circuit court's May 11 order, which vacated dismissal of the complaint, rendered the appeal "moot." Chase responded to 365 Group's motion to dismiss its appeal, stating that 365 Group had a "misguided" belief that its appeal was moot because the circuit court only "purported" to vacate the dismissal order. Further explaining, Chase noted that the circuit court lacked any jurisdiction to vacate the dismissal order once 365 Group had filed its timely appeal of the final and appealable dismissal order. Chase also stated that an appeal cannot be dismissed "without prejudice" because once an appeal is dismissed, it cannot be reinstated at a later date. Chase asked this court to deny the motion to dismiss the appeal as moot, and stated that if 365 Group wanted to dismiss its appeal for some other reason, it would be "free to do so." 365 Group did not take the hint; it did not withdraw its motion to voluntarily dismiss the first appeal, nor did it ask this court for leave to file a reply to Chase's response pursuant to Illinois Supreme Court Rule 361(b) (eff. Feb. 21, 2023).

¶ 15 On June 6, 2022, a motion panel of this court's Third Division entered an order stating: "Appellant's Motion to Dismiss without prejudice is denied. As the order on appeal has been vacated, the issues on appeal are moot. Accordingly, the instant appeal is dismissed with prejudice." That order terminated the first appeal.

¶ 16 That brings us back to the circuit court. On August 19, 365 Group filed a second notice of appeal, this time seeking review of both the circuit court's January 14 and July 25 orders. That established the appeal now pending before us (the second appeal). Chase filed a motion to dismiss this second appeal for lack of jurisdiction, which was fully briefed, but apparently never ruled on by the Third Division. Accordingly, the parties proceeded to full briefing on the merits.

¶ 17                                    ANALYSIS

¶ 18    The brief makes no arguments directed at the July 25 order. The argument section of 365 Group's brief is entirely devoted to its contention that the circuit court abused its discretion by dismissing the complaint with prejudice without briefing or hearing. Chase notes, quite correctly, that the argument section of the brief fails to cite a single case authority or statute. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) governs the content of appellants' briefs, and provides that the brief must contain: "Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Both an argument and citation to relevant authority are required. As our supreme court has stated, a "reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises,* 2013 IL 115106, ¶ 56. The rules of procedure concerning appellate briefs are rules, not mere suggestions, and it is within our discretion to strike a brief and dismiss the appeal for failure to comply with those rules. See *Niewold v. Fry,* 306 Ill. App. 3d 735, 737 (1999). However, because we are able to discern the legal issues from the record and Chase's brief, we decline to dismiss the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.,* 321 Ill. App. 3d 509, 511 (2001) (the court may entertain an appeal as long as it understands the issues the appellant intends to raise and where it has "the benefit of a cogent brief of the other party").

¶ 19    365 Group's jurisdictional statement asserts that this court has jurisdiction over its second appeal of the January 14 order under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), which allows appeals from final judgments. The arguments in Chase's brief mirror those it made in its unresolved motion to dismiss this second appeal. Chase contends that this court has no jurisdiction over 365 Group's appeal of the January 14 order, and that the circuit court had no jurisdiction to

enter the July 25 order, which was listed in the second notice of appeal. Chase also notes that 365 Group filed its second notice of appeal over 7 months from the final judgment being appealed, well in excess of the 30 days allowed by Illinois Supreme Court Rule 303(a)(1) (eff July 1, 2017). Therefore, Chase concludes, this court should dismiss the entire second appeal for lack of jurisdiction. We agree with Chase.

¶ 20    On January 14, 2022, the circuit court entered a final order dismissing the case with prejudice pursuant to section 2-615. On February 14, 365 Group filed a timely motion to reconsider that order, which stayed the time for it to file an appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (notice of appeal of a final judgment may be filed "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order"). On February 28, the circuit court denied 365 Group's motion to reconsider. On March 28, 365 Group filed its first notice of appeal, which was timely and duly docketed in this court. At that point, the circuit court no longer had jurisdiction over the January 14 dismissal order, for two reasons.

¶ 21    First, it had already denied one postjudgment motion, and under Illinois Supreme Court Rule 274 (eff. July 1, 2019), "[a] party may make only one postjudgment motion directed at a judgment order that is otherwise final and appealable." Second, the March 28, 2022 notice of appeal divested the circuit court of jurisdiction. Our supreme court has explained that:

> "A notice of appeal is a procedural device filed with the trial court that, when timely filed, vests jurisdiction in the appellate court in order to permit review of the judgment such that it may be affirmed, reversed, or modified. Once the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter,* and the cause of action is beyond the jurisdiction of the circuit court." (Internal citations omitted.) *General Motors Corporation. v. Pappas*, 242 Ill. 2d 163, 173 (2011).

¶ 22    Chase was therefore correct when it argued in the first appeal that 365 Group could not dismiss its appeal "without prejudice," so as to be able to refile it. And the Third Division was correct in dismissing the first appeal with finality, although it was not correct in stating that the appeal was moot because the circuit court had vacated the order. This is because, by the time it vacated the January 14, 2022 dismissal order on May 11, the circuit court lacked jurisdiction to do so.[1] 365 Group should have heeded the warning Chase implied in its response to the motion to dismiss the first appeal—that because the circuit court's order vacating the dismissal order was void, 365 Group would forever lose its ability to seek review of the January 14 dismissal order if it dismissed the first appeal for any reason. 365 Group could have prevented this result by withdrawing its motion to dismiss the first appeal, but it did not do so. "By voluntarily dismissing its appeal, appellant must be held to have contemplated the effect and necessary result of such act." *People ex rel. Waite v. Bristow*, 391 Ill. 101, 113 (1945).

¶ 23                          CONCLUSION

¶ 24    All of this leads inexorably to the conclusion that this court has no jurisdiction over this second appeal of the January 14, 2022 dismissal order. We dismiss the appeal for lack of jurisdiction.

¶ 25    Appeal dismissed.

---

[1] We note that the circuit court was nonetheless able to consider the various motions regarding bystander's reports, because the circuit court maintains jurisdiction over all matters pertaining to its own record even if a valid notice of appeal has been filed divesting it of jurisdiction generally. Ill. S. Ct. R. 329 (eff. July 1, 2017).